**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
July 15, 2013

Lyle W. Cayce
Clerk

No. 12-41104
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JUAN ANTONIO VILLEGAS-PEREZ,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:11-CR-776-2

Before WIENER, ELROD, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Juan Antonio Villegas-Perez (Villegas) pleaded guilty pursuant to a plea agreement to possessing a firearm as an alien. He challenges the procedural and substantive reasonableness of his 37-month prison sentence, which was at the bottom of the advisory guidelines range. Because he raised no objections to his sentence in the district court, our review is for plain error. *See United States v. Whitelaw*, 580 F.3d 256, 259-60 (5th Cir. 2009). A sentence is procedurally unreasonable where a district court improperly calculates the guidelines range,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

selects a sentence based on clearly erroneous facts, or fails to adequately explain the chosen sentence. *Gall v. United States*, 552 U.S. 38, 51 (2007). We presume that a within-guidelines sentence, like Villegas's, is reasonable, *United States v. Alonzo*, 435 F.3d 551, 554 (5th Cir. 2006), though a defendant can rebut the presumption if he shows that the sentence gave significant weight to an irrelevant or improper factor or represented a clear error of judgment in balancing the sentencing factors, *United States v. Jenkins*, 712 F.3d 209, 214 (5th Cir. 2013).

Villegas argues that the court imposed a procedurally unreasonable sentence by basing it on clearly erroneous factual findings regarding his family's reliance on government assistance and his failure to pay child support. Based on the presentence report and an extended colloquy with Villegas, the court did not err in finding that Villegas only paid child support when "he [felt] like it," the Government supported the family, and Villegas acted irresponsibly with regard to his financial obligations to his children.

Next, Villegas contends that the court improperly increased his offense level based on his prior Texas conviction for evading arrest in a vehicle. As Villegas concedes, his argument is foreclosed by *United States v. Harrimon*, 568 F.3d 531, 532-33, 536 (5th Cir. 2009), where we held that this offense is a violent felony under the Armed Career Criminal Act (ACCA) because "fleeing by vehicle poses a serious risk of injury to others." Contrary to Villegas's suggestion that *Sykes v. United States*, 131 S. Ct. 2267 (2011), implicitly overruled *Harrimon,* the *Sykes* Court validated our holding in *Harrimon* by holding that a conviction under Indiana's felony vehicle flight law constituted a violent felony under the ACCA. *See Sykes*, 131 S. Ct. at 2277.

Because the district court did not elaborate on the reasons why it rejected each of Villegas's arguments that his criminal history score was overstated, Villegas contends, the court did not adequately explain its sentence. Villegas concedes, however, that he cannot show that a more thorough discussion by the

district court would have resulted in a lower sentence and thus cannot establish plain error.  *See Puckett v. United States,* 556 U.S. 129, 135 (2009).

As for substantive reasonableness, Villegas first asserts that the district court improperly gave significant weight to his family's finances and his prior conviction for evading arrest.  The court's mention of Villegas's family's economic situation was in the context of its observation that Villegas did not financially support his children.  Villegas's failure to do so was properly considered when the court evaluated his history and characteristics.  *See* 18 U.S.C. § 3553(a)(1).  Moreover, the district court appropriately took into account his prior conviction for evading arrest in determining his offense level.  *See* § 2K2.1(a)(4)(A); *Harrimon*, 568 F.3d at 532-33, 536.  The offense was also properly included in his criminal history score.  *See* U.S.S.G. § 4A1.1(b).

Villegas also argues that the sentence was too severe in light of his prior shorter sentences.  However, nothing required the district court to impose a below-guidelines sentence merely because Villegas received the benefit of more lenient sentences in the past.  *Cf. United States v. Lee*, 358 F.3d 315, 328-29 (5th Cir. 2004) (upholding an upward sentencing departure in part on the basis that the defendant had not been deterred by prior lenient sentences).

Finally, Villegas has not shown that the district court committed a clear error in judgment in balancing the sentencing factors.  *See Jenkins,* 712 F.3d at 214.  At most, his argument that the court gave too much weight to some factors amounts to a disagreement with the balance that the district court struck, but we will not reweigh the § 3553(a) factors.  *See United States v. McElwee*, 646 F.3d 328, 344 (5th Cir. 2011).  The district court understood the facts of the case and twice explained that it had accounted for the § 3553(a) factors.  Villegas's "disagreement with the propriety of the sentence imposed does not suffice to rebut the presumption of reasonableness that attaches to a within-guidelines sentence." *United States v. Ruiz*, 621 F.3d 390, 398 (5th Cir. 2010).

AFFIRMED.