**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
November 8, 2013

Lyle W. Cayce
Clerk

No. 12-51223
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

CARLO MARTIN DEL CAMPO,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:12-CR-1688-1

Before JOLLY, DeMOSS, and ELROD, Circuit Judges.

PER CURIAM:[*]

Carlo Martin Del Campo pleaded guilty, without the benefit of a plea agreement, to illegal reentry and received a 77-month prison sentence, which was at the bottom of the advisory guidelines range. Del Campo challenges the substantive reasonableness of his sentence, contending that it is greater than necessary to achieve the purposes of sentencing. As Del Campo acknowledges, because he raised no objections to his sentence in the district court, our review is for plain error. *United States v. Whitelaw*, 580 F.3d 256, 259-60 (5th Cir.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

2009).  We presume that a within-guidelines sentence, like Del Campo's, is reasonable.  *United States v. Jenkins*, 712 F.3d 209, 214 (5th Cir. 2013).

First, Del Campo complains that under the Guidelines, his prior drug conviction was double counted because it increased both his offense level and his criminal history score.  We have rejected the argument that this sort of double counting renders a within-guidelines sentence unreasonable.  *United States v. Duarte*, 569 F.3d 528, 529-31 (5th Cir. 2009).  His next contention, that applying the illegal reentry guideline resulted in a guidelines range that was unreasonably high because his offense amounted to merely "an international trespass," too, is insufficient to rebut the presumption that a within-guidelines sentence is reasonable.  *See United States v. Juarez-Duarte*, 513 F.3d 204, 212 (5th Cir. 2008).

Finally, Del Campo asserts that the sentence did not reflect that he lived in the United States for most of his life, his siblings and children are American citizens, and he returned to be with his family.  Del Campo's cultural assimilation does not necessarily entitle him to a below-guidelines sentence.  *See United States v. Lopez-Velasquez*, 526 F.3d 804, 807 (5th Cir. 2008).  Likewise, neither this factor nor his motive for returning renders his sentence unreasonable.  The district court rejected the contention that these factors outweighed the other sentencing considerations, specifically that Del Campo's extensive criminal history showed that he did not respect the laws of the United States.  *See United States v. Campos-Maldonado*, 531 F.3d 337, 339 (5th Cir. 2008).  Given the high degree of deference that we give to the sentencing court, *id.* at 339, Del Campo's argument that a sentence at the bottom of the guidelines range is unreasonable amounts to a disagreement with the balance among the sentencing factors that the district court struck, but he has not shown that the district court made a clear error in judgment in weighing the factors.  *See Jenkins*, 712 F.3d at 214.

AFFIRMED.