# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-10373
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
February 10, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JESUS SANCHEZ-QUIROZ,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:12-CR-182-1

Before REAVLEY, JONES, and PRADO, Circuit Judges.

PER CURIAM:[*]

Jesus Sanchez-Quiroz pleaded guilty to illegally reentering the United States after having been deported. The district court imposed a 57-month prison sentence, which was at the top of the advisory guidelines range. He now challenges the substantive reasonableness of the sentence, contending that it is greater than necessary to achieve the purposes of sentencing because it does not sufficiently account for his cultural assimilation within the United States.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-10373

Because Sanchez-Quiroz did not object to his sentence in the district court, our review is for plain error only. *United States v. Whitelaw*, 580 F.3d 256, 259-60 (5th Cir. 2009). Sanchez-Quiroz's contention that his cultural assimilation justified a shorter sentence is insufficient to rebut the presumption of reasonableness applicable to his within-guidelines sentence. *See United States v. Rodriguez*, 660 F.3d 231, 232, 234-35 (5th Cir. 2011). A defendant's cultural assimilation can be a mitigating factor at sentencing and even support a downward departure, but a sentencing court need not give this factor dispositive weight. *Id.*; *see* U.S.S.G. § 2L1.2, comment. (n.8). Indeed, we have found arguments similar to the one Sanchez-Quiroz advances insufficient to overcome the presumption of reasonableness and much less to show plain error. *See United States v. Gomez-Herrera*, 523 F.3d 554, 565-66 (5th Cir. 2008).

Nothing suggests that the district court did not account for a factor that should have received significant weight, gave significant weight to an irrelevant or improper factor, or made a clear error of judgment in balancing the sentencing factors. *See United States v. Jenkins*, 712 F.3d 209, 214 (5th Cir. 2013). The court simply determined that a sentence at the high end of the guidelines range was necessary to account for the need for punishment, deterrence, and protection of the public. In effect, it appears that Sanchez-Quiroz would like us to reweigh the sentencing factors, which we will not do. *See United States v. McElwee*, 646 F.3d 328, 344-45 (5th Cir. 2011).

AFFIRMED.