# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-40410
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

March 11, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ALBEZA YUDITH PENA,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:12-CR-1227-1

Before JOLLY, DeMOSS, and ELROD, Circuit Judges.

PER CURIAM:[*]

Albeza Yudith Pena pleaded guilty to importing into the United States from Mexico five kilograms or more of a mixture or substance containing a detectable amount of cocaine.  The district court imposed a within-guidelines sentence of 108 months of imprisonment and two years of supervised release. On appeal, Pena argues that the district court procedurally erred by not adequately explaining the sentence imposed, including the reasons it denied

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

her request for a minor role adjustment under U.S.S.G. § 3B1.2. She also argues that the 108-month sentence is substantively unreasonable.

As an initial matter, to the extent Pena argues that the district court erred in failing to apply the minor role adjustment, she has abandoned that issue by failing to brief it. *See United States v. Scroggins*, 599 F.3d 433, 446 (5th Cir. 2010); FED. R. APP. P. 28(a)(8)(A).

A sentencing court commits significant procedural error where it fails to consider the 18 U.S.C. § 3553(a) factors or fails to adequately explain the chosen sentence. *Gall v. United States*, 552 U.S. 38, 51 (2007). When a judge decides simply to apply the Guidelines to a particular case, doing so will not necessarily require lengthy explanation. *Rita v. United States*, 551 U.S. 338, 356 (2007). As Pena concedes, our review is for plain error because she did not object to the district court's alleged failure to adequately explain the sentence imposed and its reasons for denying a minor role adjustment. *See United States v. Mondragon-Santiago*, 564 F.3d 357, 361 (5th Cir. 2009). Pena nonetheless seeks to preserve for possible further review her contention that review should not be limited to plain error.

Pena has not shown that the district court failed to adequately explain the 108-month sentence imposed. Although the district court did not explicitly refer to the § 3553(a) factors, a court imposing a guidelines sentence is presumed to have considered the § 3553(a) factors, which are embodied in the Guidelines. *See Rita*, 551 U.S. at 347-51. Here, the district court listened to, and overruled, Pena's objections to the guidelines calculation, including the lack of a minor role adjustment. The district court also considered Pena's statements concerning the circumstances of the offense, yet it discredited her contention that the offense was committed under any kind of duress. *See United States v. Goncalves*, 613 F.3d 601, 609 (5th Cir. 2010). As the record

indicates that the district court considered the arguments of the parties, had a reasoned basis for its sentencing decision, and found that a sentence at the bottom of the advisory guidelines range was appropriate, Pena has not shown that the district court committed procedural error, much less plain error. *See Rita*, 551 U.S. at 356-57.

Additionally, we reject any contention that Pena was entitled to a downward departure under U.S.S.G. § 5K2.12 because she acted under duress in committing the importation offense. Nothing in the record indicates that the district court was of the mistaken belief that it was not free to depart; thus, we are without jurisdiction to review the claim that it abused its discretion by not granting a downward departure. *See United States v. Lucas*, 516 F.3d 316, 350 (5th Cir. 2008). Nevertheless, we may review Pena's sentence for reasonableness. *See United States v. Nikonova*, 480 F.3d 371, 375 (5th Cir. 2007), *abrogation on other grounds recognized by United States v. Delgado-Martinez*, 564 F.3d 750, 752 (5th Cir. 2009). Although Pena requested a downward departure, she did not specifically object to the sentence imposed. Absent an objection, our review is for plain error only. *United States v. Peltier*, 505 F.3d 389, 390-92 (5th Cir. 2007). Given that Pena is unable to show either abuse of discretion or plain error, it is unnecessary to decide which standard of review applies.

The district court's reasons for its sentence comport with sentencing considerations established by Congress. *See* § 3553(a). Moreover, being within the properly calculated guidelines range, Pena's sentence is entitled to a presumption of reasonableness. *See United States v. Jenkins*, 712 F.3d 209, 214-15 (5th Cir. 2013). Pena has not overcome the presumption that her within-guidelines sentence is reasonable. She fails to offer any authority that the district court actually failed to account for a factor that should have

received significant weight; that the court gave significant weight to an irrelevant or improper factor; or that the sentence represented a clear error of judgment in balancing sentencing factors. *See United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009). Pena is essentially asking this court to reweigh the § 3553(a) factors, which we may not do. *See Gall*, 552 U.S. at 51.

Pena seeks to preserve for possible further review her contention that a presumption of reasonableness should not apply to her sentence as the applicable Guideline is penologically flawed.

AFFIRMED IN PART; DISMISSED IN PART FOR LACK OF JURISDICTION.