# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-50769
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

May 13, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MIGUEL ANGEL GONZALEZ-LUEVANO,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:13-CR-499-1

Before WIENER, OWEN, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Miguel Angel Gonzalez-Luevano pleaded guilty pursuant to a plea agreement to importing marijuana. The district court imposed a 21-month prison term, which was at the bottom of the advisory guidelines range, to be followed by three years of supervised release. Gonzalez-Luevano challenges his prison term as substantively unreasonable, contending that it is greater than necessary to achieve the purposes of sentencing. Specifically, he argues

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

that the sentence did not account for his motive for committing the offense, namely, to provide for his children, and that it was higher than necessary to achieve the goal of deterrence given that his criminal history was minor, he had no previous drug conviction, and his longest prior prison sentence had been only 90 days.  Because Gonzalez-Luevano did not object to his sentence in the district court, our review is for plain error, although the standard of review is not determinative in this case.  *See United States v. Whitelaw*, 580 F.3d 256, 259-60 (5th Cir. 2009)(failure to object to reasonableness of sentence results in application of plain error review standard).

Gonzalez-Luevano raised all of his arguments supporting a lower sentence in the district court.  That court explained that it had taken into account the "information provided" at the sentencing hearing and considered Gonzalez-Luevano's "particular circumstances," the 18 U.S.C. § 3553(a) factors, and the goals of sentencing.  The court nonetheless determined that a sentence within the guidelines range, albeit one at the bottom of that range, was appropriate.  The sentencing court is in the best position to find facts and judge their import.  *United States v. Scott*, 654 F.3d 552, 555 (5th Cir. 2011). Gonzalez-Luevano's complaints amount to a disagreement with the balance among the sentencing factors that the district court struck, but we will not reweigh those factors.  *See United States v. McElwee*, 646 F.3d 328, 344-45 (5th Cir. 2011).  He has failed to show that the district court did not consider a factor that should have received significant weight, gave significant weight to a factor it should have discounted, or made a clear error of judgment when it balanced the relevant factors.  *See United States v. Jenkins,* 712 F.3d 209, 214 (5th Cir. 2013).  He thus has not rebutted the presumption that his within-guidelines sentence is reasonable, much less has he shown that the district court committed plain error.  *See id.*

No. 13-50769

AFFIRMED.