# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 14-10248
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

February 27, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ALFREDO CERVANTES-CARRILLO,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:13-CR-199

Before BENAVIDES, SOUTHWICK, and COSTA, Circuit Judges.

PER CURIAM:[*]

Alfredo Cervantes-Carrillo pleaded guilty, without the benefit of a plea agreement, to illegally reentering the United States after he had been deported. He now challenges his 46-month prison term, contending that it is unreasonable on the grounds that he was improperly denied a third offense-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1(b), the district court did not provide a sufficient explanation of its reasons for selecting

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-10248

the sentence, and the sentence is substantively unreasonable. Because he failed to raise any of these issues or object to his sentence in the district court, our review is for plain error. *See United States v. Garcia-Carrillo*, 749 F.3d 376, 378 (5th Cir.), *cert. denied*, 135 S. Ct. 676 (2014) (offense-level reduction under § 3E1.1(b)); *United States v. Powell*, 732 F.3d 361, 381 (5th Cir. 2013) (substantive reasonableness); (*United States v. Mondragon–Santiago*, 564 F.3d 357, 361 (5th Cir. 2009) (explanation of the sentence).

Cervantes-Carrillo received a two-level reduction to his offense level under § 3E1.1(a) for accepting responsibility for his crime, but the Government declined to move for an additional one-level reduction under § 3E1.1(b) because he would not agree to waive his right to appeal. Effective November 1, 2013, more than three months before Cervantes-Carrillo was sentenced, the Sentencing Commission amended § 3E1.1's commentary, instructing that the Government should not refuse to move for the additional reduction based on the defendant's refusal to waive his appellate rights. § 3E1.1, comment. (n.6); *see* U.S. Sentencing Guidelines Manual, supp. to app. C, Amendment 775, at 43-46 (2013); *see also* 28 U.S.C. § 994(p) (explaining that a guidelines amendment takes effect unless "the effective date is revised or the amendment is otherwise modified or disapproved by Act of Congress"). Nonetheless, Cervantes-Carrillo is not entitled to be resentenced on this basis because he has not shown that there is a reasonable probability that he would have received a shorter sentence if the district court had properly applied the Guidelines. *See United States v. Mudekunye*, 646 F.3d 281, 289 (5th Cir. 2011).

The district court applied an advisory guidelines range of 46 to 57 months of imprisonment based on an offense level of 22 and a criminal history category of II. If Cervantes-Carrillo had received an additional one-level reduction under § 3E1.1(b), the guidelines imprisonment range would have

been 41 to 51 months.  *See* U.S.S.G. Ch. 5, Pt. A (Sentencing Table).  The overlap between the two ranges is substantial, and Cervantes-Carrillo's sentence of 46 months of imprisonment falls within both ranges and squarely in the middle of the lower range; thus, any error does not affect his substantial rights.  *See Garcia-Carrillo* 749 F.3d at 379.  Moreover, the district court explained that the sentence it chose "happen[ed] to be a guidelines sentence," which suggests that the court would have imposed the same sentence regardless of the applicable guidelines range.

Cervantes-Carrillo next asserts that the district court improperly presumed that a within-guidelines sentence was reasonable and did not adequately explain the sentence, omitting a discussion of many of the 18 U.S.C. § 3553(a) factors in favor of a "rote statement that [it] considered all relevant factors."  A sentence is procedurally unreasonable if the district court does not adequately explain it.  *Gall v. United States*, 552 U.S. 38, 51 (2007).  The district court listened to defense counsel's argument for a lenient sentence, explained that it had taken into account the § 3553(a) factors, and chose the sentence based on Cervantes-Carrillo's criminal history and that he had been deported previously.  Nothing suggests that the district court presumed a within-guidelines sentence to be reasonable.  Indeed, the court explained that the sentence it chose "happen[ed] to be a guidelines sentence," which, again, suggests that the court would have imposed the same sentence regardless of the applicable guidelines range.  The explanation was adequate under the circumstances.  *See United States v. Diaz Sanchez*, 714 F.3d 289, 293 (5th Cir. 2013).

The arguments that Cervantes-Carrillo's sentence is substantively unreasonable fare no better in light of our presumption that his within-guidelines sentence is reasonable.  *See United States v. Jenkins*, 712 F.3d 209,

214 (5th Cir. 2013).  His contention that his cultural assimilation justified a shorter sentence is insufficient to rebut the presumption.  *See United States v. Rodriguez*, 660 F.3d 231, 232, 234-35 (5th Cir. 2011) (rejecting a defendant's argument that his sentence was substantively unreasonable because the district court failed to accord proper weight to his cultural assimilation). Though a defendant's cultural assimilation can be a mitigating factor at sentencing and even support a downward departure, a sentencing court need not give this factor dispositive weight.  *Id.*; *see* U.S.S.G. § 2L1.2, comment. (n.9).  As for Cervantes-Carrillo's argument that he should have received a more lenient sentence because he returned to the United States to care for his elderly mother, the district court was not required to impose a lighter sentence on this basis.  *See United States v. Gomez-Herrera*, 523 F.3d 554, 565-66 (5th Cir. 2008) (refusing to disturb the presumption of reasonableness where the defendant was motivated to illegally reenter the United States in part to see his ailing father).  With regard to his contention that illegal reentry amounts merely to an unauthorized border crossing and is a victimless crime, this court has implicitly rejected the theory that this characterization of the offense renders a within-guidelines sentence unreasonable.  *See United States v. Aguirre-Villa*, 460 F.3d 681, 683 (5th Cir. 2006).  Finally, as to Cervantes-Carrillo's assertion that the 16-level enhancement to his offense level for being deported after a conviction for a drug-related offense rendered the sentence substantively unreasonable, it was within the district court's discretion to determine that the illegal reentry guideline generated a guidelines range that was too high, *see Gomez-Herrera*, 523 F.3d at 557 n.1, but it was not required to do so, *see Mondragon-Santiago*, 564 F.3d at 366-67.

Although Cervantes-Carrillo disagrees with the weight that the district court gave to some of the sentencing factors, we will not reweigh them.  *See*

No. 14-10248

*United States v. McElwee*, 646 F.3d 328, 344-45 (5th Cir. 2011).  He has failed to show that the district court did not consider a factor that should have received significant weight, gave significant weight to a factor it should have discounted, or made a clear error of judgment when it balanced the relevant factors.  *See Jenkins*, 712 F.3d at 214.  He thus has not rebutted the presumption that his within-guidelines sentence is reasonable, much less has he shown that the district court committed plain error.  *See id.*

The district court's judgment is AFFIRMED.