# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-50536
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

March 19, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ROGELIO MARTINEZ-ORDONEZ, also known as Adrian Martinez,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:14-CR-184-1

Before PRADO, OWEN, and GRAVES, Circuit Judges.

PER CURIAM:*

Rogelio Martinez-Ordonez pleaded guilty, without the benefit of a plea agreement, to illegal reentry. He now challenges his 30-month prison sentence, arguing that it is greater than necessary to achieve the purposes of sentencing. Because he did not object to the sentence in the district court, our review is for plain error. *See United States v. Powell,* 732 F.3d 361, 381 (5th Cir. 2013).

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-50536

None of Martinez-Ordonez's arguments are sufficient to rebut the presumption that his within-guidelines sentence is reasonable. *See United States v. Jenkins*, 712 F.3d 209, 214 (5th Cir. 2013). He first contends that the district court's application of the illegal reentry guideline resulted in a sentence that was too harsh because the guideline increased his offense level based on criminal history that was also taken into account in calculating his criminal history score. Though it was within the district court's discretion to determine that the illegal reentry guideline generated a guidelines range that was too harsh, *see United States v. Gomez-Herrera*, 523 F.3d 554, 557 n.1 (5th Cir. 2008), the court was not required to do so, *see United States v. Mondragon-Santiago*, 564 F.3d 357, 366-67 (5th Cir. 2009).

As for his assertion that his illegal reentry was nonviolent and victimless and amounted, in his view, merely to an international trespass, we have implicitly rejected the assertion that this characterization of the offense renders a within-guidelines sentence unreasonable. *See United States v. Aguirre-Villa*, 460 F.3d 681, 682-83 (5th Cir. 2006).

Martinez-Ordonez's argument that his cultural assimilation justified a shorter sentence, too, is insufficient to rebut the presumption of reasonableness. *See United States v. Rodriguez*, 660 F.3d 231, 232, 234-35 (5th Cir. 2011). Though a defendant's cultural assimilation can be a mitigating factor at sentencing and even support a downward departure, a sentencing court need not give this factor dispositive weight. *Id.*; *see* U.S.S.G. § 2L1.2, comment. (n.9).

Finally, Martinez-Ordonez complains that the sentence did not account for his personal history because, he says, it did not reflect that all of his prior convictions were alcohol-related and that his alcoholism is a disease that the court should have found to be a mitigating factor. The district court heard and

understood this argument, but nothing required it to impose a more lenient sentence on this basis. Martinez-Ordonez may disagree with the weight that the court gave to this argument, but we will not reweigh the sentencing factors. *See United States v. McElwee*, 646 F.3d 328, 344-45 (5th Cir. 2011).

Martinez-Ordonez has failed to show that the district court did not consider a factor that should have received significant weight, gave significant weight to a factor it should have discounted, or made a clear error of judgment when it balanced the relevant factors. *See Jenkins*, 712 F.3d at 214. He thus has not rebutted the presumption that his within-guidelines sentence is reasonable, much less has he shown that the district court committed plain error. *See id.*

AFFIRMED.