# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 14-50964
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

May 28, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

DAVID ARTURO MARTINEZ-MONTALVO,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:14-CR-17

Before REAVLEY, DENNIS, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

David Arturo Martinez-Montalvo pleaded guilty, without the benefit of a plea agreement, to illegal reentry and received a within-guidelines sentence of 52 months of imprisonment to be followed by three years of supervised release. He now challenges his prison sentence, contending that it is procedurally unreasonable and greater than necessary to achieve the purposes of sentencing.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-50964

Martinez-Montalvo takes issue with the district court's statement at sentencing that his arguments led it to believe that "he does not really understand and truly appreciate and accept the consequence of his actions," suggesting that the district court may have procedurally erred by improperly finding that he did not accept responsibility for his actions and imposing a higher sentence based on the decision to put forward mitigating facts. Martinez-Montalvo did not object that any of the court's remarks amounted to procedural error; accordingly, our review is for plain error only. *See United States v. Kippers*, 685 F.3d 491, 497 (5th Cir. 2012). A district court procedurally errs if, among other things, it bases its sentence on clearly erroneous facts. *Gall v. United States*, 552 U.S. 38, 51 (2007).

During his allocution, Martinez-Montalvo emphasized his youth at the time of a prior burglary conviction, which was the basis for a 16-level enhancement to his offense level, in an effort to convince the district court to impose a sentence below the guidelines range. The court pointed out that Martinez-Montalvo made the decision to illegally return to the United States, the crime for which he was being sentenced, when he was an adult. Its remark regarding whether Martinez-Montalvo understood and accepted the consequences of his actions was a reference to Martinez-Montalvo's attempt to downplay his current offense while emphasizing mitigating factors surrounding his prior offense. Accordingly, Martinez-Montalvo has shown no error, plain or otherwise.

As for Martinez-Montalvo's argument that his prison term is greater than necessary to achieve the purposes of sentencing, because he objected to the sentence in the district court, our review is for abuse of discretion. *Gall*, 552 U.S. at 51. However, he has not overcome the presumption that his within-

guidelines sentence is reasonable. *See United States v. Jenkins*, 712 F.3d 209, 214 (5th Cir. 2013).

Contending that his sentence overstates the seriousness of his offense, Martinez-Montalvo describes his illegal reentry as a mere trespass, but we have rejected arguments that this characterization renders a within-guidelines sentence unreasonable. *See United States v. Juarez-Duarte*, 513 F.3d 204, 212 (5th Cir. 2008). He also asserts that the application of the illegal reentry Guideline resulted in a sentencing range that was too harsh because the Guideline lacks an empirical basis and his burglary conviction was counted against him twice. However, though it was within the district court's discretion to determine that the Guideline generated an imprisonment range that was too high for these reasons, *see United States v. Gomez-Herrera*, 523 F.3d 554, 557 n.1 (5th Cir. 2008), the court was not required to do so, *see United States v. Duarte,* 569 F.3d 528, 530-31 (5th Cir. 2009); *United States v. Mondragon-Santiago*, 564 F.3d 357, 366-67 (5th Cir. 2009).

Next, Martinez-Montalvo contends that his sentence undermines respect for the law and the need to provide just punishment because, he says, his burglary offense had a greater effect than his illegal reentry on his guidelines range. That his sentence took into account a prior burglary conviction does not overcome the presumption of reasonableness because "Congress considers illegal reentry into the United States subsequent to a conviction for an aggravated felony an extremely serious offense punishable by up to twenty years in prison." *Juarez-Duarte*, 513 F.3d at 212.

According to Martinez-Montalvo, a shorter prison term would have been sufficient to effectuate the sentencing goals of deterrence and protecting the public given that he received a significantly shorter sentence for a prior illegal reentry offense and that he also was ordered to serve a term of supervised

No. 14-50964

release.   However, nothing required the district court to impose a shorter prison term for these reasons.  *See United States v. Lee*, 358 F.3d 315, 328-29 (5th Cir. 2004) (holding that a district court is warranted in varying or departing upward from the guidelines range based on the lack of deterrence provided by prior lenient sentences).  Moreover, even if a different sentence could also have been appropriate, this does not establish that a 52-month sentence is unreasonable.  *See United States v. York*, 600 F.3d 347, 361-62 (5th Cir. 2010).

Finally, Martinez-Montalvo complains that the district court did not properly account for his personal history and characteristics, specifically, that when he committed the burglary, he was only 17 years old, was addicted to drugs, and knew no one in the United States; he has rehabilitated himself by overcoming his addictions and participating in educational and training programs; and he returned to the United States to earn a better living.  At sentencing, Martinez-Montalvo and his attorney put forward all of these arguments.  The court heard and understood them, explaining that it found them less than compelling in light of the fact that Martinez-Montalvo was an adult who understood the consequences of reentering the country illegally.  Moreover, the court found that Martinez-Montalvo's personal characteristics were outweighed by the need for deterrence and to protect the public.  Martinez-Montalvo may disagree with the weight that the court gave to his arguments, but we will not reweigh the sentencing factors.  *See United States v. McElwee*, 646 F.3d 328, 344-45 (5th Cir. 2011).

Martinez-Montalvo has failed to show that the district court did not consider a factor that should have received significant weight, gave significant weight to a factor it should have discounted, or made a clear error of judgment

4

when it balanced the relevant factors.    *See Jenkins*, 712 F.3d at 214. Accordingly, the judgment is AFFIRMED.