# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-10964
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

June 24, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JESUS ALFONSO CASTILLO,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:14-CR-50-1

Before PRADO, OWEN, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Jesus Alfonso Castillo appeals the within-guidelines, 240-month prison sentence imposed following his guilty plea conviction for conspiring to distribute methamphetamine.  He contends that his sentence is substantively unreasonable because there is no indication that the drugs he possessed were imported or that he knew they were imported, because there was no evidence to show that he was aware of the purity level of the methamphetamine

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

involved with his offense, and because he provided substantial assistance to the Government and thus helped keep additional drugs from reaching the community.

Because Castillo did not raise a substantive reasonableness argument in the district court, his contentions are reviewed for plain error only. *See United States v. Mondragon-Santiago*, 564 F.3d 357, 361 (5th Cir. 2009); *United States v. Peltier*, 505 F.3d 389, 391 (5th Cir. 2007). To establish plain error, Castillo must show that the district court committed a clear or obvious error that affected his substantial rights. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). Even if he does so, we will correct the error only if it seriously affects the fairness, integrity, or public reputation of the proceedings. *Id.*

Castillo has not shown error, plain or otherwise, in connection with his sentence. We presume that a within-guidelines sentence such as Castillo's is reasonable. *See United States v. Jenkins*, 712 F.3d 209, 214 (5th Cir. 2013). A defendant can rebut the presumption only if he shows that the district court ignored an important factor, afforded substantial weight to an irrelevant or inappropriate factor, or clearly erred in weighing the sentencing factors. *Id.* Castillo's arguments do not make this showing. Rather, he has shown only a disagreement with the propriety of the sentence imposed, which does not suffice to show substantive unreasonableness. *See United States v. Ruiz*, 621 F.3d 390, 398 (5th Cir. 2010). The judgment of the district court is AFFIRMED.