# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-11205
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

September 1, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

FRANCISCO HERNANDEZ-DIAZ,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 2:14-CR-34-1

Before JOLLY, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

Francisco Hernandez-Diaz (Hernandez) pleaded guilty pursuant to a plea agreement to illegally reentering the United States after he had been deported. He received a 46-month prison term, which was at the bottom of the advisory guidelines range, to be followed by three years of supervised release. He now challenges his prison sentence, arguing that it was procedurally and substantively unreasonable. Because Hernandez did not object to the sentence

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

in the district court, our review is for plain error only. *See United States v. Mondragon-Santiago*, 564 F.3d 357, 361 (5th Cir. 2009); *United States v. Peltier*, 505 F.3d 389, 391-92 (5th Cir. 2007).

The district court, in Hernandez's view, committed procedural error because it did not provide sufficient reasons for the sentence it selected and did not explain why it rejected his arguments for a shorter sentence. Though the district's court's discussion of the sentence was minimal, Hernandez's argument fails because he has not demonstrated that there is a reasonable probability that he would have received a more lenient sentence had the court provided a more lengthy commentary and thus has not shown that his substantial rights were affected. *See United States v. Mudekunye*, 646 F.3d 281, 289 (5th Cir. 2011).

The sentence is substantively unreasonable, Hernandez contends, because the district court failed to account for or clearly erred in discounting several mitigating factors, specifically, that he returned to the United States in the hopes of becoming a kidney donor for his brother, the conduct underlying the sexual assault conviction that formed the basis of his 16-level crime of violence enhancement was less serious than conduct underlying a typical crime of violence, and the "sheer happenstance" that he was prosecuted for a state offense before his illegal reentry offense resulted in an increase in his criminal history score. We presume that a within-guidelines sentence, like Hernandez's, is reasonable. *See United States v. Jenkins*, 712 F.3d 209, 214 (5th Cir. 2013).

The district court committed no clear or obvious error in sentencing Hernandez. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). The court was not required to impose a lighter sentence on the basis of Hernandez's altruistic motive for returning to the United States. *See United States v.*

No. 14-11205

*Gomez-Herrera*, 523 F.3d 554, 565-66 (5th Cir. 2008) (refusing to disturb the presumption of reasonableness where the defendant was motivated to illegally reenter the United States in part because his father was ailing).  Moreover, its decision to impose special conditions of supervised release restricting Hernandez's access to children and ordering sex offender treatment suggests that it disagreed with Hernandez that his sexual assault involved innocuous conduct, and the district court is in the best position to find facts and judge their import.  *See United States v. Scott*, 654 F.3d 552, 555 (5th Cir. 2011).  Moreover, Hernandez pleaded guilty to the state offense that increased his criminal history score, and nothing suggests that the timing of that guilty plea could overcome the presumption that the sentence is reasonable.

Hernandez's arguments amount to a disagreement with the balance among the sentencing factors that the district court struck, but we will not reweigh those factors.  *See United States v. McElwee*, 646 F.3d 328, 344-45 (5th Cir. 2011).  Moreover, even if a different sentence could also have been appropriate, this does not establish that the sentence imposed was unreasonable.  *United States v. York*, 600 F.3d 347, 361-62 (5th Cir. 2010).  Hernandez has failed to demonstrate that the district court did not consider a factor that should have received significant weight, gave significant weight to a factor it should have discounted, or made a clear error of judgment when it balanced the relevant factors.  *See Jenkins*, 712 F.3d at 214.  He thus has not rebutted the presumption that his within-guidelines sentence is reasonable, much less has he shown that the district court committed plain error.  *See id.*

The final issue that Hernandez raises, that the judgment should be modified to reflect the dismissal of the indictment, is moot because the district court has issued an amended judgment reflecting the dismissal.

The district court's judgment is AFFIRMED.