# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 16-51296
Summary Calendar

United States Court of Appeals
Fif h Circuit

**FILED**
July 25, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOSE ANTONIO PINEDO-URENO,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:16-CR-993-1

Before KING, ELROD, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Jose Antonio Pinedo-Ureno appeals the within guidelines sentence of 70 months of imprisonment and three years of supervised release imposed by the district court following his guilty plea conviction for illegal reentry into the United States. He contends that the sentence is substantively unreasonable because it is greater than necessary to meet the sentencing goals of 18 U.S.C. § 3553(a) for the following reasons: the offense is merely an international trespass; U.S.S.G. § 2L1.2 lacks an empirical basis; the guidelines provision

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

double-counts his criminal record; the 16-level enhancement undermines respect for the law and results in more punishment than is just; and it is greater than necessary to provide adequate deterrence or to protect the public. He further contends that the sentence does not reflect his personal history and characteristics, including that he had lived in the United States since he was 16 years of age and he returned to the United States to see and support his daughter, a United States citizen.

Although Pinedo-Ureno asserts that he should not have had to object to the reasonableness of the sentence to preserve the issue for appellate review, he acknowledges that relief on this issue is foreclosed by this court's precedent and raises the issue to preserve it for further review. Because he did not object to the reasonableness of his sentence in the district court, our review is limited to plain error. *See United States v. Peltier*, 505 F.3d 389, 391-92 (5th Cir. 2007).[1] Pinedo-Ureno must show a forfeited error that is clear or obvious and that affected his substantial rights. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). If he does so, we have the discretion to correct the error if it seriously affects the integrity, fairness, or public reputation of the judicial proceedings. *See id.*

We have held that whatever discretion *Kimbrough v. United States*, 552 U.S. 85, 109-10 (2007), gives district court judges to deviate from the Guidelines, it does not require either district courts or appellate courts to

---

[1] Generally, we review a post-*Booker* sentence for reasonableness under an abuse of discretion standard. *United States v. Mondragon-Santiago*, 564 F.3d 357, 360 (5th Cir. 2009); *see also United States v. Alonzo*, 435 F.3d 551, 554 (5th Cir. 2006). When no objection is made by an appellant at the time the sentence is imposed, however, we will apply a plain error analysis in our evaluation of the sentence. *Peltier*, 505 F.3d at 391–92. However, even if we were to apply the abuse of discretion standard to our review of the district court's within-guidelines sentence of 70 months of imprisonment and three years of supervised release, we would conclude that the sentence was substantively reasonable and that the district court did not abuse its discretion.

conduct "a piece-by-piece analysis of the empirical grounding behind each part of the sentencing guidelines." *United States v. Duarte*, 569 F.3d 528, 530 (5th Cir. 2009); *see also Mondragon-Santiago*, 564 F.3d at 366-67. Although Pinedo-Ureno contends that we should not afford a presumption of reasonableness to his sentence because § 2L1.2 lacks an empirical basis, he acknowledges that his argument is foreclosed and raises it to preserve the argument for further review.

We have rejected the argument that § 2L1.2's double-counting of a defendant's criminal history necessarily renders a sentence unreasonable. *See Duarte*, 569 F.3d at 529-31. In addition, we are not persuaded by the argument that illegal reentry is merely an international trespass and not a serious offense. *See United States v. Juarez-Duarte*, 513 F.3d 204, 212 (5th Cir. 2008). The fact that Pinedo-Ureno returned to the United States to see and support his daughter and because he had lived in this country since he was 16 years old are insufficient grounds to rebut the presumption of reasonableness applicable to his sentence. *See United States v. Gomez-Herrera*, 523 F.3d 554, 565-66 (5th Cir. 2008). His disagreement with the propriety of the sentence or the weight given to the § 3553(a) factors by the district court does not suffice to rebut the presumption of reasonableness applicable to his within guidelines sentence. *See Gall v. United States*, 552 U.S. 38, 51 (2007); *United States v. Ruiz*, 621 F.3d 390, 398 (5th Cir. 2010); *Gomez-Herrera*, 523 F.3d at 565-66. Pinedo-Ureno has failed to show that his sentence does not account for a factor that should receive significant weight, gives significant weight to an irrelevant or improper factor, or represents a clear error of judgment in balancing sentencing factors. *See United States v. Jenkins*, 712 F.3d 209, 214 (5th Cir. 2013).

AFFIRMED.