# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 20, 2013

Lyle W. Cayce
Clerk

No. 11-51277

UNITED STATES OF AMERICA

Plaintiff - Appellee

v.

ERIK D. JENKINS, a/k/a Erik Jenkins

Defendant - Appellant

Appeal from the United States District Court for the
Western District of Texas

Before KING, SOUTHWICK, and GRAVES, Circuit Judges.

JAMES E. GRAVES, JR., Circuit Judge:

Defendant - Appellant Erik D. Jenkins ("Jenkins") appeals his conviction and sentence for various offenses concerning child pornography. Jenkins argues that the district court erred in applying a two-level sentence enhancement pursuant to U.S.S.G. § 3A1.1(b)(1). Jenkins also argues that his sentence of twenty years imprisonment is substantively unreasonable. For the following reasons, we AFFIRM the judgment of the district court.

## BACKGROUND

Jenkins was charged with one count of receiving child pornography in violation of 18 U.S.C. § 2252(a)(2); two counts of distributing child pornography in violation of 18 U.S.C. § 2252(a)(2); two counts of possessing child pornography

in violation of 18 U.S.C. § 2252(a)(4)(B); one count of receiving obscene material depicting sexual abuse of a child in violation of 18 U.S.C. § 1466A(a)(1); and one count of possessing obscene material depicting sexual abuse of a child in violation of 18 U.S.C. § 1466A(b)(1). These charges arose from Jenkins' use of his personal computer to upload and download images and videos through an internet peer-to-peer file sharing program. Jenkins pleaded guilty to all counts without the benefit of a plea agreement.

The presentence report ("PSR") stated that thirty-six image files and 110 video files depicting child sexual exploitation were found on Jenkins' computer. The PSR described the images and videos as follows:

> The images and videos were of prepubescent children, a majority between the ages of 7 and 10 and a small number of them were infants/toddlers. The images and videos reflected the penetration of an adult penis into a child's vagina or anus, which would cause considerable amount of pain and physical damage. A few of the children's vaginas were red, swollen, and obviously irritated. In a small number of images the children were bound, their hands and feet tied together or to a bed or a chair with their legs apart exposing their genitalia.

The PSR recommended a two-level specific offense enhancement pursuant to U.S.S.G. § 2G2.2(b)(2), which applies "[i]f the material involved a prepubescent minor or a minor who had not attained the age of 12 years." The PSR noted that numerous videos and images downloaded and distributed by Jenkins depicted prepubescent minors or minors under the age of twelve. The PSR also recommended a four-level specific offense enhancement pursuant to U.S.S.G. § 2G2.2(b)(4), which applies "[i]f the offense involved material that portrays sadistic or masochistic conduct or other depictions of violence." The PSR found this enhancement to be applicable because the majority of the videos and images found on Jenkins' computer "portrayed an erect, adult male penis penetrating the vagina or anus of a prepubescent child[,] inflicting pain on the

child." The PSR also recommended a two-level victim-related enhancement pursuant to U.S.S.G. § 3A1.1(b)(1), which applies "[i]f the defendant knew or should have known that a victim of the offense was a vulnerable victim." The PSR noted that the children depicted in the videos and images "rang[ed] from being toddlers to early teenagers," and explained that "several . . . images depict sexual abuse and exploitation of young and small children who are unable to resist or object to the abuse or exploit [sic], making them susceptible to abuse and exploitation and thus, vulnerable victims." The PSR also recommended a two-level enhancement for distribution, a two-level enhancement for use of a computer, and a five-level enhancement because the offense involved more than 600 images.[1] *See* U.S.S.G. §§ 2G2.2(b)(3)(F), 2G2.2(b)(6) & 2G2.2(b)(7)(D).

Jenkins objected to the section 3A1.1(b)(1) "vulnerable victim" enhancement. Jenkins argued that because any child pornography offense would seemingly involve a "vulnerable victim," this factor is adequately addressed by the specific offense guideline. More specifically, Jenkins argued that the vulnerability of the victims in this case was accounted for by the "prepubescent minor" and "depictions of violence" enhancements. The government argued that the enhancements account for distinct harms, and maintained that this court had explicitly rejected a similar argument in the past. The district court "agree[d] with the Government based on Fifth Circuit precedent" and overruled Jenkins' objection.

Based on Jenkins' total offense level of 36 and criminal history category of IV, the Guidelines range of imprisonment was 262 to 327 months. However, because this range was above the statutory maximum of twenty years imprisonment, the statutory maximum sentence became the advisory Guidelines

---

[1] In calculating the total number of images, each video is considered to contain seventy-five images. U.S.S.G. § 2G2.2 cmt. n.4(B)(ii).

sentence. *See* U.S.S.G. § 5G1.1(a). Jenkins moved for a below-Guidelines sentence, arguing that the advisory Guidelines sentence was excessive for several reasons. The government moved for an above-Guidelines sentence of thirty years imprisonment,[2] arguing that the advisory Guidelines sentence was inadequate for several reasons. The district court rejected both motions and sentenced Jenkins to 240 months imprisonment. Jenkins timely appealed.

## DISCUSSION

### I.   Sentence Enhancement

On appeal, Jenkins argues that the district court erred in applying the section 3A1.1(b)(1) "vulnerable victim" enhancement "based on the age of the children portrayed in the child pornography" because the specific offense guideline already takes into account the ages of the children. Jenkins does not contend that the children were not in fact vulnerable, but rather that the district court erred in applying a section 3A1.1(b)(1) enhancement based on an age-related vulnerability. Jenkins also argues that although the children were especially vulnerable to the crime of production of child pornography, they were not especially vulnerable to the specific crimes he committed.

We "review the district court's interpretation of the guidelines *de novo*; we review a finding of unusual vulnerability for clear error and to determine whether the district court's conclusion was plausible in light of the record as a whole." *United States v. Robinson*, 119 F.3d 1205, 1218 (5th Cir. 1997). "[C]ommentary in the Guidelines Manual that interprets or explains a guideline is authoritative unless it violates the Constitution or a federal statute, or is inconsistent with, or a plainly erroneous reading of, that guideline." *Stinson v. United States*, 508 U.S. 36, 38 (1993).

---

[2] Such a sentence could have been imposed using consecutive sentencing on one or more counts.

"If the defendant knew or should have known that a victim of the offense was a vulnerable victim," the offense level is increased by two. U.S.S.G. § 3A1.1(b)(1). The application notes define a "vulnerable victim" as a person "who is a victim of the offense of conviction," along with any relevant conduct, and "who is unusually vulnerable due to age, physical or mental condition, or who is otherwise particularly susceptible to the criminal conduct." U.S.S.G. § 3A1.1 cmt.2. The application notes also state that the "vulnerable victim" enhancement should not be applied "if the factor that makes the person a vulnerable victim is incorporated in the offense guideline. For example, if the offense guideline provides an enhancement for the age of the victim, [the enhancement] would not be applied unless the victim was unusually vulnerable for reasons unrelated to age." *Id.*

Although the government and the district court seemingly believed that Jenkins' challenge was foreclosed by circuit precedent, we have had no occasion to consider application of the section 3A1.1(b)(1) enhancement in addition to the section 2G2.2(b)(2) enhancement. In *United States v. Wright*, 373 F.3d 935, 942-44 (9th Cir. 2004), the Ninth Circuit held that a section 3A1.1(b)(1) "vulnerable victim" enhancement was appropriate, along with a section 2G2.2(b)(2) enhancement based on prepubescent/younger-than-twelve children, where the victims ranged in age from eleven months to four years. The Ninth Circuit explained that "the victims' vulnerability is not fully 'incorporated' in the victim-under-12 adjustment" because "[m]ost children under 12 are well beyond the infancy and toddler stages of childhood during which they are the most vulnerable." *Id.* at 943. The Ninth Circuit further explained that "[t]hough the characteristics of being an infant or toddler tend to correlate with age, they can exist independently of age, and are not the same thing as merely not having 'attained the age of twelve years,' the criterion for the 4-level increase in" section 2G2.1(b)(2). *Id.*

No. 11-51277

Jenkins cites two cases from other circuits in which the courts, rejecting challenges to the application of the section 3A1.1(b)(1) enhancement, noted that the victim was vulnerable for reasons unrelated to age. *United States v. Gawthrop*, 310 F.3d 405, 412 (6th Cir. 2002) ("[T]he granddaughter was unusually vulnerable, not because of her age since that factor had already been considered by the guidelines, but because of her familial relationship."); *United States v. Snyder*, 189 F.3d 640, 649 (7th Cir. 1999) ("[T]he district court premised the enhancement on Doe's history of molestation, a factor that is 'unrelated to age.'"). Jenkins suggests that these statements show that "other circuits require something more than just the young age of the child as the vulnerability factor" when a section 2G2.1(b)(2) enhancement is also applied.

The example provided in the commentary to U.S.S.G. § 3A1.1 may be fairly read to state that if a specific offense guideline provides *any* enhancement based on the age of the victim, the "vulnerable victim" enhancement can never be applied to account for a vulnerability that is "related to age." Jenkins appears to support such an interpretation. However, we reject such an interpretation as plainly illogical and unreasonable. For example, the specific offense guidelines for some crimes provide enhancements based on the young age of the victim but do not provide enhancements based on the old age of the victim. *See, e.g.*, U.S.S.G. § 2A3.1. The commentary language would seemingly prohibit a court from applying the "vulnerable victim" enhancement where a victim of one of these crimes was especially vulnerable due to extreme old age. Such an outcome would be odd; although the vulnerability is certainly "related to age," it is in no way accounted for by the specific offense guidelines and presents no risk of "double counting" the same vulnerability.

The same problem also occurs in more subtle ways. Consider an enhancement for a victim under the age of twelve: A person who is unable to walk is no doubt especially vulnerable to many crimes. Most children under the

age of twelve are able to walk. Some children under twelve, infants, are unable to walk due to extreme young age. Other children under twelve may be unable to walk due to paralysis. We see no reason why a "vulnerable victim" enhancement based on inability to walk should be applied to paralyzed children but not to infants. Although an infant's inability to walk is "related to age," it is not accounted for by the "victim under twelve" enhancement.

Accordingly, we do not ascribe undue significance to the example provided in the Guidelines commentary. Rather, we believe the inquiry should focus on whether "the factor that makes the person a vulnerable victim is incorporated in the offense guideline." U.S.S.G. § 3A1.1 cmt. 2. In this case, we do not see any logical reason why a "victim under the age of twelve" enhancement should bar application of the "vulnerable victim" enhancement when the victim is especially vulnerable, even as compared to most children under twelve. We agree with the Ninth Circuit that in such a case, the victim's vulnerability is not fully incorporated into the offense guideline by the "under twelve" enhancement.

Jenkins also argues that although the young age of the victims may have made them especially vulnerable to *production* of child pornography because they were unable to resist, their young age does not make them especially vulnerable to the crimes for which he was convicted – receipt, distribution, and possession of child pornography. We have previously held that "the children depicted in child pornography may be considered to be the victims of the crime of receiving child pornography." *United States v. Norris*, 159 F.3d 926, 929 (5th Cir. 1998). In that case, we rejected the defendant's argument that "the [only] victimization of the children occurred at the time the pornographic images were produced," stating:

> Unfortunately, the "victimization" of the children involved does not
> end when the pornographer's camera is put away. The consumer,
> or end recipient, or pornographic materials may be considered to be

causing the children depicted in those materials to suffer as a result of his actions in at least three ways.

*Id.* Here, it is clear that the children depicted were the victims of Jenkins' crime, and that at least some of these children were especially vulnerable to sexual abuse and exploitation. We agree with the Ninth Circuit that this is sufficient; there is no need to show that the particular vulnerabilities of the victims actually facilitated the commission of Jenkins' crimes. *See United States v. Lynn*, 636 F.3d 1127, 1138-39 (9th Cir. 2011). We therefore conclude that the district court did not err in applying the section 3A1.1(b)(1) enhancement.

## II.    Substantive Reasonableness

Jenkins also argues that his within-Guidelines sentence of twenty years imprisonment is substantively unreasonable. The substantive reasonableness of a sentence is reviewed under an abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 51 (2007). "A discretionary sentence imposed within a properly calculated guidelines range is presumptively reasonable." *United States v. Campos-Maldonado*, 531 F.3d 337, 338 (5th Cir. 2008). "The presumption is rebutted only upon a showing that the sentence does not account for a factor that should receive significant weight, it gives significant weight to an irrelevant or improper factor, or it represents a clear error of judgment in balancing sentencing factors." *United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009). "[T]he sentencing judge is in a superior position to find facts and judge their import under § 3553(a) with respect to a particular defendant," *Campos-Maldonado*, 531 F.3d at 339.

Jenkins first argues that his sentence is substantively unreasonable because the child pornography guideline, section 2G2.2, lacks an empirical basis and therefore fails to distinguish between the least culpable and the most culpable defendants. However, Jenkins recognizes that this argument is foreclosed by our precedent in *United States v. Miller*, 665 F.3d 114, 121 (5th Cir.

No. 11-51277

2011), and raises the argument only to preserve the issue for Supreme Court review.  Jenkins also argues that his culpability was mitigated by his personal characteristics and history, specifically his diagnosed behavioral and learning disorders as a child and his Army service in Iraq.  As the transcript of the sentencing hearing demonstrates, Jenkins presented these facts to the district court for consideration.  Despite these mitigating factors, the district judge noted that Jenkins "show[ed] a lot of characteristics that really concern[ed]" her.  We find no reason to conclude that the district judge abused her discretion in applying and balancing the sentencing factors, and therefore hold that Jenkins has not shown his sentence to be substantively unreasonable.

## CONCLUSION

For the reasons stated above, we AFFIRM the judgment of the district court.