# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

December 31, 2013

Lyle W. Cayce
Clerk

No. 13-10250
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

NATHAN DEREK MCGINN,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 6:12-CR-37-1

Before DAVIS, BENAVIDES, and PRADO, Circuit Judges.

PER CURIAM:*

Nathan Derek McGinn appeals his 188-month sentence for receiving child pornography and aiding and abetting. He asserts that the guidelines minimum sentence was substantively unreasonable and that the district court abused its discretion by declining to vary below the guidelines range in light of the specific circumstances of his case. We generally review the substantive reasonableness of a sentence under a deferential abuse of discretion standard.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

*Gall v. United States*, 552 U.S. 38, 51 (2007).  Because McGinn's sentence was within the properly-calculated guidelines range, a presumption of reasonableness applies.  *See United States v. Jenkins*, 712 F.3d 209, 214-15 (5th Cir. 2013).  We need not decide whether his failure to object to the sentence that was imposed results in plain error review, because even under the ordinary standard, McGinn has shown no abuse of discretion.

McGinn asserts that U.S.S.G. § 2G2.2 is entitled only to "limited deference" because it is "completely divorced from the Sentencing Commission's institutional role" and "bereft of empirical support."  He contends that the guideline requires an inflated base offense level and illogical enhancements, producing sentences that "are too harsh for the average child pornography offender."  Such an argument is foreclosed by our precedent.  *See United States v. Ellis*, 720 F.3d 220, 228 (5th Cir.), *petition for cert. filed* (Aug. 16, 2013) (No. 13-5918); *United States v. Miller*, 665 F.3d 114, 119-23 (5th Cir. 2011), *cert. denied*, 132 S. Ct. 2773 (2012).

Additionally, McGinn asserts that his sentence was unreasonable because he is an "otherwise law abiding citizen[]" who leads a normal life and possessed only 100 still images of child pornography and four videos.  He asserts that applying the severe enhancements under § 2G2.2 resulted in a sentence that was too harsh.  According to McGinn, he did not purchase or sell the images, did not use them to entice minors to engage in sexual acts, and merely viewed the images without engaging in "any kind of hands-on offense."

Although he attempts to minimize his conduct of merely viewing child pornography, we noted in *Miller* that "real children are actually being abused and violated when pornographic images are made."  665 F.3d at 123.  McGinn asserts what is essentially a policy disagreement with the Guidelines, and the district court was within its discretion to reject it.  *See id.* at 122-23.

No. 13-10250

We defer here to the district court's determination that a 188-month sentence was necessary to meet the sentencing goals of punishment and deterrence, as well as the other factors in 18 U.S.C. § 3553(a). *See Gall*, 552 U.S. at 51; *Miller*, 665 F.3d at 119-23. As McGinn fails to rebut the presumption of reasonableness, the judgment of the district court is AFFIRMED.