# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-40570
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
April 22, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

SAMUEL FAJARDO-MENDEZ,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:12-CR-1604-1

Before DAVIS, SOUTHWICK, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Samuel Fajardo-Mendez (Fajardo) appeals the 70-month guideline sentence imposed following his guilty plea to harboring undocumented aliens in the United States for financial gain. Because Fajardo did not object to the substantive reasonableness of the sentence in the district court, review is for plain error. *See United States v. Dunigan*, 555 F.3d 501, 506 (5th Cir. 2009). Under that standard, Fajardo has the burden of demonstrating error that is

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

clear or obvious and that affects his substantial rights. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). If he makes such a showing, this court has the discretion to correct the error only if it "seriously affects the fairness, integrity, or public reputation of judicial proceedings." *See id.* (internal quotation marks and citations omitted).

Fajardo maintains that his sentence was substantively unreasonable because it was greater than necessary to provide adequate deterrence, protect the public, or effectuate any of the other sentencing goals outlined at 18 U.S.C. § 3553(a). He further maintains that the district court's erroneous imposition of a U.S.S.G. § 2L1.1(b)(5)(B) four-level enhancement for brandishing a weapon during the offense contributed to the substantively unreasonable sentence.[1] Although Fajardo challenged the finding that he brandished a weapon in the district court, he concedes that it was not an abuse of discretion for the district court to make such finding based on information contained in the presentence report. Fajardo also argues that the district court failed to consider the significant hardship his sentence would have on his family.

The district court's comments during sentencing reflect that it properly made an individualized assessment of the facts in the case by considering the mitigating arguments of counsel and the 18 U.S.C § 3553(a) factors. *See Gall v. United States*, 552 U.S. 38, 49-50 (2007). Moreover, the within-guidelines sentence imposed by the district court is entitled to a rebuttable presumption of reasonableness. *See United States v. Jenkins,* 712 F.3d 209, 214 (2013). Fajardo has not rebutted the presumption because he has not shown that the district court failed to consider a significant factor, considered an improper

---

[1] Fajardo's total offense level was 21 (including four-level enhancement under § 2L1.1(b)(5)(B)), and his sentencing guideline range was 70-87 months. Fajardo does not contest the calculation of the guideline range, or the procedural reasonableness of his sentence, acknowledging instead that we have upheld § 2L1.1(b)(5)(B) enhancements in similar circumstances as the case at bar.

factor, or committed a clear error of judgment in balancing the § 3553(a) factors. *See id.* Fajardo therefore has not demonstrated that the district court committed clear or obvious error in imposing the 70-month sentence. *See Jenkins*, 712 F.3d at 214. Accordingly, the sentence is AFFIRMED.