# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-51057
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

May 18, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

EVARISTO SALINAS-MELENDEZ,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:14-CR-1033-1

Before HIGGINBOTHAM, JONES, and HIGGINSON, Circuit Judges.

PER CURIAM:*

Evaristo Salinas-Melendez pleaded guilty, without the benefit of a plea agreement, to illegal reentry and received a 46-month prison sentence to be followed by three years of supervised release. Salinas-Melendez challenges that prison term, arguing that it is greater than necessary to achieve the purposes of sentencing. We review the sentence for abuse of discretion, *see Gall v. United States*, 552 U.S. 38, 51 (2007), and, because it falls within the

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-51057

guidelines range, we presume that it is reasonable, *see United States v. Jenkins*, 712 F.3d 209, 214 (5th Cir. 2013).

According to Salinas-Melendez, the guidelines sentencing range overstated the seriousness of the illegal reentry offense on the grounds that the relevant Guideline is not empirically based and that the enhancement to his offense level that he received for a prior burglary conviction did not fully account for the age and nature of that conviction.  As he acknowledges, this objection has been rejected by our court.  *See United States v. Mondragon-Santiago*, 564 F.3d 357, 366-67 (5th Cir. 2009).  As for his contention that the guidelines range was too severe on the basis that illegal reentry is not a crime of violence and amounts to merely an international trespass, this court has rejected the assertion that characterizing an illegal reentry as a mere trespass renders a within-guidelines sentence unreasonable.  *See United States v. Juarez-Duarte*, 513 F.3d 204, 212 (5th Cir. 2008).

Next, Salinas-Melendez argues that the within-guidelines sentence did not take into account his motive for returning to the United States—that he was afraid to remain in Mexico after he was kidnapped and tortured by gang members.  He provided a detailed account of his purported kidnapping and torture in his interview with the probation officer, and he reiterated the account in a written submission to the court and at the sentencing hearing. The district court, which is in the best position to find facts and judge their import, *see United States v. Scott*, 654 F.3d 552, 555 (5th Cir. 2011), expressed skepticism about the events that Salinas-Melendez related because he could not corroborate them and, even if they were true, questioned whether they were his actual motivation for returning to the country given that he returned so soon after he was deported.  The district court heard and understood Salinas-Melendez's arguments for a below-guidelines sentence.  It simply

No. 14-51057

determined that the considerations that he raised did not overcome his extensive criminal history, five prior deportations, and that he illegally returned to the United States after he was warned not to do so. Salinas-Melendez's arguments amount to a disagreement with the balance among the sentencing factors that the district court struck, but we will not reweigh those factors. *See United States v. McElwee*, 646 F.3d 328, 344-45 (5th Cir. 2011). He has failed to show that the district court did not consider a factor that should have received significant weight, gave significant weight to a factor it should have discounted, or made a clear error of judgment when it balanced the relevant factors. *See Jenkins*, 712 F.3d at 214. He thus has not rebutted the presumption that his within-guidelines sentence is reasonable. *See id.*

Accordingly, the district court's judgment is AFFIRMED.