**UNITED STATES of America, Plaintiff-Appellee**

v.

**Dexter Lavar POWELL, Defendant-Appellant**

No. 16-30501
Summary Calendar

United States Court of Appeals, Fifth Circuit.

Filed January 5, 2017

Carol Mignonne Griffing, Assistant U.S. Attorney, U.S. Attorney's Office, Western District of Louisiana, Shreveport, LA, for Plaintiff-Appellee

Wayne Joseph Blanchard, Assistant Federal Public Defender, Federal Public Defender's Office for the Western District of Louisiana, Lafayette, LA, for Defendant-Appellant

Before STEWART, Chief Judge, and CLEMENT and SOUTHWICK, Circuit Judges.

PER CURIAM: *

Dexter Lavar Powell appeals as substantively unreasonable the 70-month, within-guidelines prison sentence that he received after pleading guilty pursuant to a plea agreement to failing to register as a sex offender. He argues that the district court erred in declining to vary downward from the guidelines range on the basis that the offense that triggered Powell's requirement to register was attempted kidnaping that did not involve any sexual conduct. Because his case was atypical of cases where a defendant is required to register as a sex offender, he maintains, the district court should have determined that the Guidelines did not adequately account for his particular situation and imposed a sentence below the guidelines range. Our review is for abuse of discretion. *Gall v. United States*, 552 U.S. 38, 51, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007).

The district court heard Powell's arguments for a lower sentence, observed that the circumstances of his case were somewhat unusual, and balanced those circumstances against the other sentencing factors, in particular, ensuring that the sentence reflected the seriousness of the offense, promoted respect for the law, provided just punishment, and afforded adequate deterrence. It also emphasized the importance of protecting the public from Powell, observing that he committed a crime while he was not registered as a sex offender. The court further found relevant that Powell had twice previously been convicted of failing to register. Moreover, nothing required the district court to impose a below-guidelines sentence because Powell's registration offense did not involve sexual contact.

Powell's arguments amount to a disagreement with the balance among the

---

**470**

sentencing factors that the district court struck, and he essentially asks us to reweigh those factors, which we will not do. *See United States v. McElwee*, 646 F.3d 328, 344–45 (5th Cir. 2011). He has not shown that the district court did not account for a factor that should have received significant weight, gave significant weight to an irrelevant or improper factor, or committed a clear error of judgment in balancing the sentencing factors and thus has not overcome the presumption that his within-guidelines sentence is reasonable. *See United States v. Jenkins*, 712 F.3d 209, 214 (5th Cir. 2013).

AFFIRMED.

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under

