# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-50846
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

June 8, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

      Plaintiff–Appellee,

v.

AGUSTIN SERGIO DELEON GARZA, also known as Agustin S. Garza, also known as Agustin Garza, also known as Agustin DeLeon Garza,

      Defendant–Appellant.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:14-CR-247-1

Before REAVLEY, OWEN, and ELROD, Circuit Judges.

PER CURIAM:[*]

Agustin Sergio DeLeon Garza appeals the within-guidelines life sentence imposed following his conviction of seven counts related to kidnaping, ransom, and money laundering. He contends that his sentence is substantively unreasonable because it is greater than needed to achieve the sentencing goals of 18 U.S.C. § 3553(a).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-50846

Because DeLeon Garza did not raise a substantive reasonableness objection in the district court, his arguments, as he concedes, are reviewed for plain error only, based on this court's precedent. *See United States v. Mondragon-Santiago*, 564 F.3d 357, 361 (5th Cir. 2009); *United States v. Peltier*, 505 F.3d 389, 391 (5th Cir. 2007). Nevertheless, DeLeon Garza argues that plain error review should not apply to preserve the issue for further review. To establish plain error, he must show that the district court committed a clear or obvious error that affected his substantial rights. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). Even if he does so, we will correct the error only if it seriously affects the fairness, integrity, or public reputation of the proceedings. *Id.*

DeLeon Garza has not shown error, plain or otherwise, in connection with his sentence. We presume that a within-guidelines sentence, such as DeLeon Garza's, is reasonable. *See United States v. Jenkins*, 712 F.3d 209, 214 (5th Cir. 2013). A defendant can rebut the presumption only if he shows that the district court ignored an important sentencing factor, afforded substantial weight to an irrelevant or inappropriate factor, or clearly erred in weighing the factors. *Id.* DeLeon Garza's arguments do not make this showing. Rather, he has shown only a disagreement with the propriety of the sentence imposed, which does not suffice to show substantive unreasonableness. *See United States v. Ruiz*, 621 F.3d 390, 398 (5th Cir. 2010). The judgment of the district court is AFFIRMED.