# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-11130
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
July 20, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ERIC OVERSTREET,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:16-CR-21-8

Before HIGGINBOTHAM, PRADO, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Eric Overstreet contests the 240-month prison sentence imposed following his conviction for conspiracy to possess with intent to distribute a controlled substance. He first argues that the district court, at sentencing, violated his rights of due process, to a fair trial, and to confront and cross examine an adverse witness by relying on hearsay statements of a deceased declarant in assessing several offense level enhancements. As Overstreet

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

concedes, this issue is foreclosed.  *See United States v. Beydoun*, 469 F.3d 102, 108 (5th Cir. 2006).

Next, Overstreet challenges the offense level enhancements under U.S.S.G. § 2D1.1(b)(1) for possession of a firearm, under § 2D1.1(b)(2) for making a credible threat to use violence, and under § 3B1.1(b) for his role as a manager or supervisor.  As to the enhancements under § 2D1.1(b)(1) and (2), the district court's factual findings were plausible in light of the record as a whole, given the statements that Overstreet brandished a gun during a drug transaction while accusing the declarant of trying to rob him.  *See United States v. Rodriguez-Guerrero*, 805 F.3d 192, 195 (5th Cir. 2015); *United States v. Medrano-Rodriguez*, 606 F. App'x 759, 761-62 (5th Cir. 2015); § 2D1.1, comment. (n.11(B)).  The district court found the statements reliable in light of testimony from a law enforcement agent at sentencing, and we defer to that determination.  *See United States v. Juarez-Duarte*, 513 F.3d 204, 208 (5th Cir. 2008).  Regarding the § 3B1.1(b) role enhancement, the district court's factual findings were likewise plausible because the record indicates that there were five or more participants involved in the criminal activity; Overstreet paid the declarant to assist him with drug transactions; the declarant's role was to follow Overstreet and run interference in the event of an encounter with law enforcement; and, contrary to Overstreet's assertions, the declarant did not act as a confidential informant for law enforcement.  *See United States v. Bowen*, 818 F.3d 179, 192 (5th Cir.), *cert. denied*, 136 S. Ct. 2477 (2016); § 3B1.1(b) & comment. (n.1).  Accordingly, the district court's assessment of these three offense-level enhancements was not clearly erroneous.  *See United States v. Zuniga*, 720 F.3d 587, 590 (5th Cir. 2013).

Finally, Overstreet argues that the district court imposed a substantively unreasonable sentence by failing to give sufficient weight to

No. 16-11130

certain aspects of his history and characteristics.  Because the district court imposed a within-guidelines sentence, it is presumptively reasonable.  *United States v. Jenkins*, 712 F.3d 209, 214 (5th Cir. 2013).  At sentencing, the district court considered the factors that Overstreet discusses in his appellate brief and found that a within-guidelines sentence was appropriate.  We perceive no failure by the court to account for a factor that should have received significant weight, no reliance on an improper factor, and no clear error of judgment in balancing the factors.  *See id.*  Moreover, we decline to reweigh the 18 U.S.C. § 3553(a) sentencing factors or reexamine their relative import, nor will we reverse the district court on the basis that we could reasonably conclude that a different sentence was appropriate.  *See Gall v. United States*, 552 U.S. 38, 51 (2007); *United States v. Rodriguez-Bernal*, 783 F.3d 1002, 1008 (5th Cir. 2015).  The district court did not abuse its sentencing discretion.

AFFIRMED.