# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-40959
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
August 27, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

AARON SANCHEZ,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:16-CR-804-4

Before REAVLEY, JONES, and HIGGINSON, Circuit Judges.

PER CURIAM:*

Aaron Sanchez pleaded guilty to conspiracy to commit hostage taking in violation of 18 U.S.C. § 1203(a) and was sentenced to 195 months of imprisonment and three years of supervised release. Sanchez argues that the district court clearly erred by increasing his offense level for vulnerable victims pursuant to U.S.S.G. § 3A1.1(b)(1). He also maintains that the district court

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

clearly erred by refusing to reduce his offense level based on his mitigating role in the offense pursuant to U.S.S.G. § 3B1.2(b).

We generally review the district court's interpretation of the Sentencing Guidelines de novo and review a finding of unusual vulnerability for clear error. *United States v. Jenkins*, 712 F.3d 209, 212 (5th Cir. 2013). "[T]he determination of whether a victim is vulnerable is a factual finding that the district court is best-suited to make." *United States v. Wilcox*, 631 F.3d 740, 753–54 (5th Cir. 2011). A factual finding is not clearly erroneous so long as it is plausible in light of the record as a whole. *Id.* at 753.

Sanchez's reliance on *United States v. Angeles-Mendoza*, 407 F.3d 742, 747–48 (5th Cir. 2005), is misplaced because the defendant in that case was convicted of alien smuggling, but Sanchez was convicted of conspiracy to commit hostage taking. The district court calculated his offense level under U.S.S.G. § 2A4.1(a). The district court found that the § 3A1.1(b)(1) enhancement was applicable based on the following circumstances: the illegal aliens were forcibly taken at gunpoint from one stash house to another and held for several days; they were then moved to another stash house and again held for several days; the captors made separate ransom demands at each stash house under threats of injury or death; and the aliens were desperate to be released and alerted law enforcement officers as soon as possible. Because the district court did not take the victims' illegal status into account when calculating Sanchez's base level offense and because the defendants took advantage of the aliens' illegal status to demand a ransom for their release upon threat of injury or death, the district court's application of the vulnerable victim enhancement was not clear error. *See United States v. Cedillo-Narvaez*, 761 F.3d 397, 403–04 (5th Cir. 2014).

No. 17-40959

A sentencing court's denial of a mitigating role adjustment is a factual finding reviewed for clear error. *United States v. Fernandez*, 770 F.3d 340, 345 (5th Cir. 2014). A reduction under § 3B1.2 only applies when a defendant is "substantially less culpable than the average participant." *United States v. Villanueva*, 408 F.3d 193, 203-04 (5th Cir. 2005) (quoting § 3B1.2, comment. (n.3(A))). "It is not enough that a defendant does less than other participants; in order to qualify as a minor participant, a defendant must have been peripheral to the advancement of the illicit activity." *Id*. at 204 (internal quotation marks and citation omitted).

Sanchez participated in the abduction of the aliens, including taking them from the original stash house and transporting them to the second stash house, which was his own residence. He was present when the aliens were ordered to contact their families for ransom payments, he retrieved wire payments from the families that the conspirators shared, and he shared equally in the payments from the aliens' families. His participation was essential to the advancement of the illegal activity. Sanchez's participation was not peripheral to the advancement of the criminal activity, and the district court did not err by denying his request for a mitigating role reduction. *See Villanueva*, 408 F.3d at 204.

**AFFIRMED**.