# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 18-10320
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

November 13, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ELIUD SERNA, JR., also known as Junior Serna,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:17-CR-198-8

Before DENNIS, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:*

Eliud Serna, Jr., was convicted of conspiring to possess methamphetamine with intent to distribute, and he received a within-guidelines sentence of 135 months in prison and a five-year term of supervised release. Now, he argues that his sentence is substantively unreasonable because it is greater than necessary to achieve the sentencing aims of 18 U.S.C. § 3553(a). He concedes that this argument is raised for the first time on appeal,

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-10320

and he moves for summary disposition, urging that it is foreclosed by this court's precedent.

Summary disposition is inappropriate because Serna does not raise an argument that is squarely foreclosed by our precedent. *See Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969). Nevertheless, Serna's argument that his sentence is substantively unreasonable is unavailing because the record shows that the district court made an individualized assessment to determine whether a sentence within the guidelines range was sufficient but not greater than necessary to achieve the goals of § 3553(a). *See Gall v. United States*, 552 U.S. 38, 49-50 (2007). Serna makes no argument that the district court failed to consider a significant factor, considered an improper factor, or made a clear error of judgment in balancing the relevant sentencing factors. *See United States v. Jenkins*, 712 F.3d 209, 214 (5th Cir. 2013). His mere disagreement with the sentence imposed does not warrant reversal, and he has not shown error, plain or otherwise, in connection with his sentence. *See United States v. Ruiz*, 621 F.3d 390, 398 (5th Cir. 2010) (per curiam); *Gall*, 552 U.S. at 51; *United States v. Peltier*, 505 F.3d 389, 391 (5th Cir. 2007). Accordingly, the district court's judgment is AFFIRMED, and the motion for summary disposition is DENIED.