# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-10507
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
March 14, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

ARNOLDO MORFIN-ARIAS, also known as Efrain Arias, also known as Pollo,

Defendant - Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:17-CR-194-1

Before BARKSDALE, ELROD, and HO, Circuit Judges.

PER CURIAM:*

Arnoldo Morfin-Arias pleaded guilty to conspiracy to possess, with the intent to distribute, methamphetamine, in violation of 21 U.S.C. § 846, and was sentenced, *inter alia*, to life imprisonment. He contends the sentence is both procedurally and substantively unreasonable.

Although post-*Booker,* the Sentencing Guidelines are advisory only, the district court must avoid significant procedural error, such as improperly

---

* Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

calculating the Guidelines sentencing range. *Gall v. United States*, 552 U.S. 38, 48–51 (2007). If no such procedural error exists, a properly preserved objection to an ultimate sentence is reviewed for substantive reasonableness under an abuse-of-discretion standard. *Id.* at 51; *United States v. Delgado-Martinez*, 564 F.3d 750, 751–53 (5th Cir. 2009). In that respect, for issues preserved in district court, its application of the Guidelines is reviewed *de novo*; its factual findings, only for clear error. *E.g.*, *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008).

For procedural error, Morfin presents three bases. First, he asserts the court erred in assessing a four-level enhancement for his leadership role, pursuant to Guideline § 3B1.1(a). The enhancement was based on the unrebutted facts of the presentence investigation report (PSR), which established he: operated at the top of the large drug conspiracy's hierarchy; recruited Cherry into the conspiracy; directed and supervised Hurtado-Cruz in drug-dealing activities; trained a new recruit from Mexico; exercised decision-making authority regarding not just the logistics and pricing of drug transactions, but also regarding the laundering of the proceeds; and, used his direct contacts with Mexican cartels to operate as the primary source of supply for a significant number of coconspirators. *See* U.S.S.G. § 3B1.1 cmt. n.4; *see also United States v. Cooper*, 274 F.3d 230, 247 (5th Cir. 2001); *United States v. Valencia*, 44 F.3d 269, 273 (5th Cir. 1995). Because the court's finding that Morfin exercised a leadership role is plausible in the light of the record as a whole, the court did not clearly err in imposing the four-level enhancement. *See United States v. Villanueva,* 408 F.3d 193, 204 (5th Cir. 2005); *see also Anderson v. City of Bessemer City*, 470 U.S. 564, 573–74 (1985).

For the second of the three claimed procedural errors, Morfin challenges the quantity of drugs attributed to him for sentencing purposes. He contests:

the cocaine found in coconspirator Guerra's garage; the cocaine and methamphetamine listed in paragraphs 24 through 28 of the PSR relating to specific drug transactions conducted by Cherry; and, the methamphetamine related to drug transactions conducted by Obregon listed in paragraphs 31 through 33 of the PSR.  (By failing to brief his challenge to the other drug quantities objected to in district court, he has abandoned those claims.  *See Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993).)

The court based its drug-quantity finding on the unrebutted facts of the PSR, and Morfin has failed to demonstrate those facts are materially untrue or unreliable.  *United States v. Gomez-Alvarez*, 781 F.3d 787, 796 (5th Cir. 2015); *United States v. Parker*, 133 F.3d 322, 329 (5th Cir. 1998).  Therefore, he has failed to show the court's drug-quantity finding was clearly erroneous.  *United States v. Betancourt*, 422 F.3d 240, 246–47 (5th Cir. 2005).  (Even were that not so, and assuming *arguendo* the court erred in including any or all of the challenged drug quantities, Morfin's base-offense level of 38 would remain unchanged even if the challenged quantities are excluded from the PSR's drug quantity determination, rendering any error harmless.  *See* U.S.S.G. § 2D1.1(c)(1) (drug-quantity table showing base-offense levels); *see also United States v. Solis*, 299 F.3d 420, 462 (5th Cir. 2002).)

For the third, and final, claimed procedural error, Morfin contends the court erred in its Guidelines calculations because it applied the three-level acceptance-of-responsibility reduction to his adjusted-offense level of 46.  He asserts that, because offense level 43 is the highest level permitted by the Guidelines, the district court should have deducted three levels from 43, rather than 46.  But, as Morfin concedes, this claim is foreclosed by our court's decision in *United States v. Wood*, 48 F.3d 530, No. 94-10217, 1995 WL 84100, *6–7 (5th Cir. 1995) (unpublished).  (Though unpublished, *Wood* is binding

No. 18-10507

precedent because it was issued before January 1, 1996.  5th Cir. R. 47.5.3; *Zenor v. El Paso Healthcare Sys., Ltd.*, 176 F.3d 847, 854 n.4 (5th Cir. 1999).) While he suggests *Wood* was erroneously decided, our court must follow our precedent, absent a change in the law, such as *en banc* reconsideration, or a superseding Supreme Court decision. *See United States v. Lipscomb*, 299 F.3d 303, 313 n.34 (5th Cir. 2002).

Finally, for his claimed substantively-unreasonable sentence, Morfin maintains the court erred by:  assuming, Morfin asserts, a Guidelines sentence was presumptively proper; failing to give sufficient weight to certain aspects of his history and characteristics; and, failing to balance fairly the relevant sentencing factors.  At sentencing, the court considered the factors Morfin discusses in his appellate brief and found a within-Guidelines sentence was appropriate given the 18 U.S.C. § 3553(a) sentencing factors.  *See Gall*, 552 U.S. at 49–51.

Because the court imposed a within-Guidelines sentence, it is presumptively reasonable. *United States v. Jenkins*, 712 F.3d 209, 214–15 (5th Cir. 2013).  Morfin points to no failure by the court to account for a factor that should have received significant weight, no reliance on an improper factor, and no clear error of judgment in balancing the factors.  *See id.*  Morfin is essentially asking our court to reweigh the § 3553(a) factors, which we will not do.  *See Gall*, 552 U.S. at 51.

AFFIRMED.