# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 19-30801
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
August 25, 2020

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MATTHEW MATTHEWS,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:18-CR-347-1

Before HIGGINBOTHAM, HO, and ENGELHARDT, Circuit Judges.

PER CURIAM:[*]

Matthew Matthews pleaded guilty to possessing a firearm after having been convicted of a felony and now appeals the 70-month sentence imposed. Matthews argues that the district court improperly enhanced his sentence pursuant to U.S.S.G. § 2K2.1(b)(6(B)) and also imposed a substantively unreasonable sentence.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-30801

We review the district court's interpretation and application of the Sentencing Guidelines de novo and its factual findings for clear error. *United States v. Coleman*, 609 F.3d 699, 708 (5th Cir. 2010). Section 2K2.1(b)(6)(B) of the Sentencing Guidelines provides for a four-level enhancement when the Government shows by a preponderance of the evidence that a defendant's possession of a firearm "facilitated, or had the potential of facilitating another felony offense and that the defendant used or possessed the firearm in connection with that offense." *Id.* (internal quotation marks and citation omitted). Matthews argues that there was not sufficient evidence to sustain the enhancement based on his commission of a drug offense. However, he has abandoned any challenge to the alternative determination that the enhancement was proper based on his commission of an aggravated felony. *United States v. Green*, 964 F.2d 365, 371 (5th Cir. 1992); *Brinkmann v. Dallas Cty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987). A guidelines enhancement can be sustained on any ground supported by the record, regardless of whether the district court relied upon those grounds. *See United States v. Jackson*, 453 F.3d 302, 308 n.11 (5th Cir. 2006). The record provides sufficient facts to prove, by a preponderance of the evidence, that Matthews committed aggravated assault, and he does not provide any evidence to rebut the reliability of the evidence. *See United States v. Zuniga*, 720 F.3d 587, 590-91 (5th Cir. 2013).

We consider the substantive reasonableness of a sentence imposed under an abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 51 (2007). Matthews argues the district court did not properly consider his request for a downward departure. We lack jurisdiction to review the denial of the downward departure because nothing in the record suggests that the district court believed that it lacked authority to depart. *See United States v. Tuma*,

No. 19-30801

738 F.3d 681, 691 (5th Cir. 2013).  Furthermore, we presume that a within-guidelines sentence, like Matthews's, is reasonable. *United States v. Jenkins*, 712 F.3d 209, 214 (5th Cir. 2013).  The district court considered Matthews's mitigation arguments, the evidence, and the 18 U.S.C. § 3553(a) factors before determining that a sentence at the low end of the Guidelines was appropriate. Matthews fails to rebut the presumption of reasonableness attached to his sentence by showing that the district court relied on an irrelevant or improper factor or erred in balancing the sentencing factors.  *Jenkins*, 712 F.3d at 214.

The judgment of the district court is AFFIRMED.