# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

April 5, 2022

Lyle W. Cayce
Clerk

No. 21-50710
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

MANUEL GUERRERO,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:21-CR-35-1

Before SOUTHWICK, OLDHAM, and WILSON, *Circuit Judges*.

PER CURIAM:*

Manuel Guerrero pled guilty to illegal reentry after deportation and now appeals the 27-month sentence imposed. He argues that the sentence is substantively unreasonable because it is greater than necessary to achieve the sentencing goals of 18 U.S.C. § 3553(a). Specifically, he argues that the

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 21-50710

district court should have given more consideration to his turbulent family history.

We consider the substantive reasonableness of a sentence imposed under an abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 51 (2007). Furthermore, we presume that a within-guidelines sentence, like Guerrero's, is reasonable. *United States v. Jenkins*, 712 F.3d 209, 214 (5th Cir. 2013). The district court considered Guerrero's mitigation arguments, the record, and the § 3553(a) factors before determining that a sentence at the top of the guidelines range was fair and reasonable. Guerrero fails to rebut the presumption of reasonableness attached to his sentence by showing that the district court failed to consider a pertinent factor or erred in balancing the sentencing factors. *Id.*

The judgment of the district court is AFFIRMED.