# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
June 13, 2022

Lyle W. Cayce
Clerk

No. 21-50666
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

LORI ANN ROBLES,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Texas
No. 6:20-CR-67-1

Before SMITH, STEWART, and GRAVES, *Circuit Judges*.

PER CURIAM:*

Lori Robles pleaded guilty of conspiracy to possess with intent to distribute and to distribute 500 grams or more of methamphetamine and appeals the 360-month sentence. She maintains that the sentence is unreasonable because the district court failed expressly to consider the sentencing factors

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 21-50666

of 18 U.S.C. § 3553(a). She also urges that the court should have given more consideration to her personal history of sexual and substance abuse.

We consider the substantive reasonableness of a sentence under an abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 51 (2007). Furthermore, we presume that a within-guidelines sentence is reasonable. *United States v. Jenkins*, 712 F.3d 209, 214 (5th Cir. 2013).

The district court implicitly and explicitly considered the record, the § 3553(a) factors, and Robles's mitigation arguments before determining that a sentence within the guideline range was appropriate. The explanation of the sentence was sufficient under the circumstances. *See United States v. Rodriguez*, 523 F.3d 519, 525 (5th Cir. 2008). Robles fails to rebut the presumption of reasonableness by showing that the district court failed to consider a pertinent factor, considered an irrelevant or improper factor, or erred in balancing the sentencing factors. *See Jenkins*, 712 F.3d at 214.

AFFIRMED.