# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
July 19, 2022

Lyle W. Cayce
Clerk

No. 21-51138
Summary Calendar

United States of America,

*Plaintiff—Appellee*,

*versus*

Bianca Arreola-Dominguez,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 4:21-CR-585-1

Before Jolly, Willett, and Engelhardt, *Circuit Judges*.

Per Curiam:[*]

Bianca Arreola-Dominguez pleaded guilty to illegal reentry and now appeals her 27-month sentence. She argues that her sentence is substantively unreasonable because it is greater than necessary to achieve the sentencing goals of 18 U.S.C. § 3553(a).

---

[*] Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 21-51138

We lack jurisdiction to review Arreola-Dominguez's argument that the district court erred by failing to depart downward pursuant to U.S.S.G. § 5K2.12. *See United States v. Alaniz*, 726 F.3d 586, 627 (5th Cir. 2013). As to her remaining arguments, we consider the substantive reasonableness of a sentence imposed under an abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 51 (2007). Further, we presume that a within-guidelines sentence is reasonable. *United States v. Jenkins*, 712 F.3d 209, 214 (5th Cir. 2013).

Arreola-Dominguez correctly concedes that her argument that the presumption of reasonableness should not apply because the illegal reentry Guideline lacks an empirical basis is foreclosed. *See United States v. Mondragon-Santiago*, 564 F.3d 357, 366-67 (5th Cir. 2009). Further, Arreola-Dominguez's argument that the district court failed to consider the mitigating circumstances she presented is belied by the record. The district court considered Arreola-Dominguez's mitigation arguments based on her cultural assimilation, her criminal history, and her reason for returning to the United States. It also considered the § 3553(a) factors before determining that a sentence at the top of the guidelines range was fair and reasonable. Arreola-Dominguez fails to rebut the presumption of reasonableness attached to her sentence by showing that the district court failed to consider a pertinent factor, considered an irrelevant or improper factor, or erred in balancing the sentencing factors. *See Jenkins*, 712 F.3d at 214.

The judgment of the district court is AFFIRMED.