# United States Court of Appeals
# for the Fifth Circuit

---

No. 23-30101
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**
September 1, 2023

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Alfred Stewart, III,

*Defendant—Appellant*.

---

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:22-CR-65-2

---

Before Barksdale, Engelhardt, and Wilson, *Circuit Judges*.

Per Curiam:[*]

Alfred Stewart, III, challenges the sentence imposed following his convictions for: conspiracy to distribute and possess with intent to distribute cocaine, in violation of 21 U.S.C. § 846; possession with intent to distribute cocaine, cocaine base, and methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C); felon in possession of firearm and ammunition, in

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2); and possession of a firearm in furtherance of a drug-trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A). He contends his within-Guidelines 97-months' sentence, imposed after denial of his downward-variance motion, is substantively unreasonable.

Although post-*Booker*, the Sentencing Guidelines are advisory only, the district court must avoid significant procedural error, such as improperly calculating the Guidelines sentencing range. *Gall v. United States*, 552 U.S. 38, 46, 51 (2007). If no such procedural error exists, a properly preserved objection to an ultimate sentence is reviewed for substantive reasonableness under an abuse-of-discretion standard. *Id.* at 51; *United States v. Delgado-Martinez*, 564 F.3d 750, 751–53 (5th Cir. 2009). In that respect, for issues preserved in district court, as in this instance, its application of the Guidelines is reviewed *de novo*; its factual findings, only for clear error. *E.g.*, *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008).

Stewart fails to show his sentence does not account for a factor that should receive significant weight, gives significant weight to an irrelevant or improper factor, or represents a clear error of judgment in balancing sentencing factors. *E.g.*, *United States v. Jenkins*, 712 F.3d 209, 214 (5th Cir. 2013) (outlining abuse of discretion for within-Guidelines sentence). The record reflects the district court considered Stewart's contentions in support of a below-Guidelines sentence but rejected them. Ultimately, Stewart disagrees with the sentence imposed by the district court and fails to overcome the presumption that the court imposed a reasonable sentence. *See United States v. Ruiz*, 621 F.3d 390, 398 (5th Cir. 2010). He has not shown his sentence is substantively unreasonable.

To the extent Stewart might present a Second Amendment challenge to 18 U.S.C. § 922(g)(1) (felon in possession), he has abandoned it by failing

to adequately brief it. *E.g.*, *United States v. Scroggins*, 599 F.3d 433, 446–47 (5th Cir. 2010) ("It is not enough to merely mention or allude to a legal theory." (citation omitted)).

    AFFIRMED.