# United States Court of Appeals
# for the Fifth Circuit

———————————

No. 23-30728
Summary Calendar

———————————

United States Court of Appeals
Fifth Circuit

**FILED**
May 28, 2024

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Joshua Bosley,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 3:23-CR-33-1

_____

Before Willett, Duncan, and Ramirez, *Circuit Judges*.

Per Curiam:[*]

Joshua Bosley appeals the 110-month within-guidelines sentence he received following his guilty plea conviction for distribution of methamphetamine. Bosley argues that his sentence is substantively unreasonable because the district court did not fully consider all of the compelling mitigating factors.

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 23-30728

Because Bosley did not challenge the substantive reasonableness of his sentence in the district court, we review for plain error only. *See United States v. Napper*, 978 F.3d 118, 124 (5th Cir. 2020); *Puckett v. United States*, 556 U.S. 129, 135 (2009). The record reflects that the district court expressly considered the relevant 18 U.S.C. § 3553(a) factors as well as Bosley's arguments for mitigating his sentence but implicitly overruled those arguments and concluded that a within-guidelines sentence was appropriate, particularly in light of his underrepresented criminal history. *See United States v. Campos-Maldonado*, 531 F.3d 337, 338 (5th Cir. 2008); *United States v. Mares*, 402 F.3d 511, 519 (5th Cir. 2005).

Bosley's disagreement with the propriety of his sentence and the district court's weighing of the § 3553(a) factors is insufficient to rebut the presumption of reasonableness that attaches to his within-guidelines sentence. *See United States v. Jenkins*, 712 F.3d 209, 214 (5th Cir. 2013); *United States v. Ruiz*, 621 F.3d 390, 398 (5th Cir. 2010). Bosley has not demonstrated error, plain or otherwise, in the imposition of his within-guidelines 480-month prison term. *See Puckett*, 556 U.S. at 135. Accordingly, the judgment of the district court is AFFIRMED.