# United States Court of Appeals
# for the Fifth Circuit

---

No. 24-50334
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**

February 6, 2025

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Ann Jeanette Arguello,

*Defendant—Appellant*.

---

Appeal from the United States District Court
for the Western District of Texas
USDC No. 4:23-CR-415-1

---

Before Smith, Stewart, and Duncan, *Circuit Judges*.

Per Curiam:[*]

Ann Jeanette Arguello pleaded guilty to possession with intent to distribute a mixture or substance containing a detectable amount of methamphetamine and was sentenced within the guidelines range to 120 months of imprisonment, followed by a three-year term of supervised release. On appeal, she challenges her sentence as substantively unreasonable and

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

greater than necessary to achieve the sentencing purposes of 18 U.S.C. § 3553(a). Arguello maintains that the district court failed to take into account her history and characteristics.

Because Arguello preserved her substantive-reasonableness challenge, our review is for an abuse of discretion. *See Holguin-Hernandez v. United States*, 140 S. Ct. 762, 766-67 (2020); *Gall v. United States*, 552 U.S. 38, 51 (2007). We presume that a within-guidelines sentence, like Arguello's, is reasonable. *See United States v. Jenkins*, 712 F.3d 209, 214 (5th Cir. 2013).

The record reflects that the district court considered the presentence report, which contained information regarding Arguello's history and characteristics, as well as defense counsel's arguments and Arguello's allocution. Further, the district court stated that it considered the § 3553(a) factors. Ultimately, the district court concluded that the guidelines range was fair, and a 120-month sentence, in the middle of the range, was warranted. Essentially, Arguello asks this court to "reweigh the sentencing factors and substitute our judgment for that of the district court, which we will not do." *United States v. Hernandez*, 876 F.3d 161, 167 (5th Cir. 2017). Because Arguello has not rebutted the presumption of reasonableness afforded her within-guidelines sentence, we conclude that the district court did not abuse its discretion. *See Gall*, 552 U.S. at 51; *Jenkins*, 712 F.3d at 214.

AFFIRMED.