# United States Court of Appeals for the Fifth Circuit

_____

No. 25-30280
Summary Calendar

_____

United States Court of Appeals
Fifth Circuit

**FILED**
April 9, 2026

Lyle W. Cayce
Clerk

United States of America,

Plaintiff—Appellee,

versus

Destane Glass,

Defendant—Appellant.

_____

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:24-CR-87-1

_____

Before Davis, Wilson, and Douglas, *Circuit Judges*.

Per Curiam:[*]

Destane Glass appeals the 135-month within-guidelines-range sentence imposed upon her guilty plea conviction for conspiracy to commit bank fraud. Glass contends that the district court erred by applying the vulnerable-victim enhancements under U.S.S.G. § 3A1.1(b)(1) and (b)(2); in

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

calculating intended loss under U.S.S.G. § 2B1.1(b); and by applying a four-level role enhancement under U.S.S.G. § 3B1.1(a). We affirm.

With respect to the § 3A1.1 enhancements, we review the district court's interpretation of the Sentencing Guidelines de novo, review its finding of unusual vulnerability for clear error, and determine whether the district court's conclusion was plausible in light of the whole record. *See United States v. Murra*, 879 F.3d 669, 686 (5th Cir. 2018). Examining the record as a whole, we conclude that the district court's determination that the targets of the fraud scheme—older bank customers who had large account balances and did not check their accounts frequently—were unusually vulnerable was plausible and not clearly erroneous. *See id.*; *United States v. Coleman*, 609 F.3d 699, 708 (5th Cir. 2010); *see also United States v. Jenkins*, 712 F.3d 209, 213-14 (5th Cir. 2013).

As to the 16-level enhancement under § 2B1.1(b)(1)(I), we review the district court's loss calculation, including its determination that the loss amount was reasonably foreseeable to Glass, for clear error. *See United States v. Brown*, 727 F.3d 329, 341 (5th Cir. 2013); *United States v. Setser*, 568 F.3d 482, 496 (5th Cir. 2009). The district court did not clearly err in this case because the record permits a plausible finding that an intended loss amount of $2,149,621 was reasonably foreseeable to Glass in light of (i) her direct and extensive cooperation with coconspirators ZarRajah Watkins and Maya Green, who collectively accessed and passed on account holder information from which a total of $2,149,621 in counterfeit checks were created, and (ii) her general control of the overall scheme. *See Setser*, 609 F.3d at 496-97; *see also* U.S.S.G. § 1B1.3(a)(1)(A), (B).

Lastly, even if we assume that she did not waive the issue, Glass's challenge to the district court's finding that she was an organizer or leader of the conspiracy is reviewed for plain error because she objected in the district

court on different grounds than she argues on appeal. *See United States v. Cabral-Castillo*, 35 F.3d 182, 188-89 (5th Cir. 1994). Here, the record reflects that Glass recruited participants to the scheme, directed other conspirators to target older account holders with high balances, chose the ultimate targets of the scheme, created counterfeit checks, directed other conspirators to withdraw fraudulently deposited funds from their accounts, received the ill-gotten gains and gave a portion to other participants, instructed other conspirators on how to perform the scheme, and determined when they would be paid. *See* § 3B1.1, comment. (n.4). Based on this record, the district court did not clearly or obviously err in finding that Glass was an organizer or leader of the bank fraud conspiracy. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). Furthermore, the record refutes Glass's contention that the criminal activity did not include at least five participants. *See* § 3B1.1(a).

The judgment is AFFIRMED.