# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

September 8, 2020

Lyle W. Cayce
Clerk

No. 20-40098
Summary Calendar

United States of America,

*Plaintiff—Appellee*,

*versus*

Benjamin Guevara-Mendez,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:19-CR-726-1

Before Haynes, Willett, and Ho, *Circuit Judges*.

Per Curiam:*

Benjamin Guevara-Mendez was convicted of being an alien found unlawfully in the United States after removal.  In this appeal, he contends that the sentence imposed was procedurally and substantively unreasonable because the district court failed to give adequate reasons for the within

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-40098

guidelines sentence and for its ruling denying his motion for a downward departure and considered inadequately the nature and circumstances of the offense and his criminal history. He asserts that his prior criminal history was double counted under U.S.S.G. § 2L1.2 because it was considered in determining his offense level and his criminal history category.

We lack jurisdiction to consider whether the district court erred in failing to downwardly depart from the guidelines range, *see United States v. Lord*, 915 F.3d 1009, 1020 (5th Cir.), *cert. denied*, 140 S. Ct. 320 (2019), and we have rejected the contention that double counting of a defendant's criminal conduct under § 2L1.2 necessarily renders a sentence unreasonable, *see United States v. Duarte*, 569 F.3d 528, 529-31 (5th Cir. 2009).

Because error was preserved, our review of the substantive reasonableness of a sentence is for an abuse of discretion. *See Gall v. United States*, 552 U.S. 38, 51 (2007); *see also Holguin-Hernandez v. United States*, 140 S. Ct. 762, 766-67 (2020). Our review is highly deferential. *See United States v. Lugo-Lopez*, 833 F.3d 453, 461-62 (5th Cir. 2016). We presume that a within-guidelines sentence is reasonable and that the district court has considered all of the statutory sentencing factors. *See United States v. Jenkins*, 712 F.3d 209, 214 (5th Cir. 2013); *see also* 18 U.S.C. § 3553(a).

Ultimately, Guevara-Mendez simply disagrees with the sentence chosen by the district court and so fails to overcome the presumption that the district court imposed a reasonable sentence. *See United States v. Ruiz*, 621 F.3d 390, 398 (5th Cir. 2010). The record reflects that the district court considered Guevara-Mendez's contentions and it rejected them, explaining its reasons for doing so adequately. *See Rita v. United States*, 551 U.S. 338, 356-57 (2007). The judgment is AFFIRMED.