# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

December 4, 2020

Lyle W. Cayce
Clerk

No. 19-11179
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

ANTONIO SERRANO-PEREZ,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:19-CR-77-1

Before CLEMENT, HIGGINSON, and ENGELHARDT, *Circuit Judges*.
PER CURIAM:*

Antonio Serrano-Perez appeals the sentence imposed following his guilty plea conviction for illegal reentry. The district court sentenced him within the guidelines range to 120 months of imprisonment and three years of supervised release.

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 19-11179

Because error was preserved, our review of the substantive reasonableness of a sentence is for an abuse of discretion. *See Gall v. United States*, 552 U.S. 38, 51 (2007); *see also Holguin-Hernandez v. United States*, 140 S. Ct. 762, 766–67 (2020). Our review is highly deferential. *See United States v. Lugo-Lopez*, 833 F.3d 453, 461–62 (5th Cir. 2016). We presume that a within-guidelines sentence is reasonable and that the district court has considered all of the statutory sentencing factors. *See United States v. Jenkins*, 712 F.3d 209, 214 (5th Cir. 2013); *see also* 18 U.S.C. § 3553(a).

The record reflects that the district court considered Serrano-Perez's contentions and rejected them. Ultimately, Serrano-Perez simply disagrees with the sentence chosen by the district court and so fails to overcome the presumption that the district court imposed a reasonable sentence. *See United States v. Ruiz*, 621 F.3d 390, 398 (5th Cir. 2010).

As Serrano-Perez concedes, his argument challenging the imposition of a sentence longer than two years for a violation of § 1326 is foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224 (1998). *See United States v. Wallace*, 759 F.3d 486, 497 (5th Cir. 2014); *United States v. Pineda-Arrellano*, 492 F.3d 624, 625–26 (5th Cir. 2007).

The district court's judgment is AFFIRMED.