# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

October 5, 2022

Lyle W. Cayce
Clerk

No. 22-50077
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

JOSE REFUGIO NIETO-URIBE,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 4:21-CR-730-1

Before HIGGINBOTHAM, GRAVES, and HO, *Circuit Judges*.

PER CURIAM:*

Jose Refugio Nieto-Uribe appeals the sentence imposed following his guilty plea conviction for illegal reentry. The district court sentenced him within the guidelines range to 57 months of imprisonment and three years of supervised release.

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 22-50077

Because Nieto-Uribe's challenge to the substantive reasonableness of the sentence was preserved, our review is for an abuse of discretion. *See Gall v. United States*, 552 U.S. 38, 51 (2007); *see also Holguin-Hernandez v. United States*, 140 S. Ct. 762, 766–67 (2020). For a within-guidelines sentence, we presume that it is reasonable and that the district court has considered all of the statutory sentencing factors. *See United States v. Jenkins*, 712 F.3d 209, 214 (5th Cir. 2013); *see also* 18 U.S.C. § 3553(a).

The record reflects that the district court considered Nieto-Uribe's contentions in support of a sentence below the guidelines range but rejected them. Ultimately, Nieto-Uribe simply disagrees with the sentence chosen by the district court and so fails to overcome the presumption that the district court imposed a reasonable sentence. *See United States v. Ruiz*, 621 F.3d 390, 398 (5th Cir. 2010); *see also United States v. Juarez-Duarte*, 513 F.3d 204, 212 (5th Cir. 2008).

As Nieto-Uribe concedes, his challenge to the 8 U.S.C. § 1326(b) recidivism enhancement is foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224 (1998). *See United States v. Pervis*, 937 F.3d 546, 553-54 (5th Cir. 2019).

The district court's judgment is AFFIRMED.