# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
December 1, 2022

Lyle W. Cayce
Clerk

No. 21-30772

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

DEMETRIUS LOSTON,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:20-CR-293-1

Before STEWART, WILLETT, and OLDHAM, *Circuit Judges.*

PER CURIAM:*

Demetrius Loston pleaded guilty to one count of conspiracy to possess and distribute 50 or more grams of methamphetamine, in violation of 21 U.S.C. § 846. The district court sentenced him to 360 months' imprisonment. On direct appeal, Loston raises two issues. First, he argues that a sentencing enhancement was improperly applied. Second, he argues

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 21-30772

that his sentence was substantively unreasonable and that he should have been given a downward variance. We reject both arguments and affirm.

I.

Over Loston's timely objection, the district court imposed a two-level enhancement for "maintain[ing] a premises" for drug distribution, as provided by U.S.S.G. § 2D1.1(b)(12). The enhancement increased Loston's Guidelines' offense level from 39 to 41. We review a district court's factual findings supporting a premises enhancement for clear error. *See United States v. Guzman-Reyes*, 853 F.3d 260, 263 (5th Cir. 2017) (discussing clear error). For the reasons that follow, the district court correctly applied the enhancement under any standard of review.

Section 2D1.1(b)(12) of the Guidelines requires the district court to find that the defendant "maintained a premises for the purpose of manufacturing or distributing a controlled substance." Consistent with the Guidelines' Commentary, we have held that the premises at issue need not have been used *solely* for drug distribution. Rather, it suffices that drug distribution was "one of the defendant's primary or principle uses for the premises." *United States v. Galicia*, 983 F.3d 842, 844 (5th Cir. 2020) (quotation omitted). A premises otherwise used as a family home that is also used for drug storage may suffice for the enhancement, even if no drug sales occurred there. *United States v. Carrillo*, 689 F. App'x 334, 335 (5th Cir. 2017) (per curiam). In some circumstances, a district court may properly infer that a defendant maintained a drug premises even where drugs were found at the premises on a single occasion. *United States v. Lopez*, 750 F. App'x 349, 352 (5th Cir. 2018) (per curiam). In general, the "evidentiary bar" for a premises enhancement "has not been set high." *United States v. Fonseca*, 834 F. App'x 75, 79 (5th Cir. 2020) (per curiam) (quotation omitted).

In this case, the district court examined Loston's premises enhancement as part of a nearly three-hour sentencing hearing. The court heard testimony from a Drug Enforcement Administration agent about three drug transactions that Loston participated in at a gas station near the property in issue. The court inquired after, and then asked the government to play for the court's review, a tape of a jailhouse call in which Loston appeared to admit that drugs were on the premises. The court heard testimony suggesting that Loston accessed the premises at will, even though it was nominally the residence of his previously arrested brother. Although no drug samples recovered from the premises were ever sent to a lab for authentication, large volumes of suspected drugs as well as items consistent with more than incidental use, such as digital scales and packaging material, were recovered from the property.

The district court discussed this evidence as well as many of our prior precedents before concluding that a premises enhancement fairly applied. The district court did not err.

Even if the district court erred, and even if it clearly erred, we would affirm anyway because any error was harmless. *See* Fed. R. Crim. P. 52(a) ("Any error, defect, irregularity or variance that does not affect substantial rights must be disregarded."); *United States v. Delgado-Martinez*, 564 F.3d 750, 753 (5th Cir. 2009) ("A procedural error during sentencing is harmless if the error did not affect the district court's selection of the sentence imposed." (quotation omitted)). The district court sentenced Loston based on an offense level of 41 and a criminal history category of VI. Those variables yielded a Guidelines range of 360 months to life. If the district court had not applied the premises enhancement, then Loston's offense level would have stood at 39 and the Guidelines range would have *still* been 360 months to life. *See* U.S.S.G. § 5A. And the district court chose the

bottom of that range, 360 months. We therefore cannot see how any error on the premises enhancement affected the sentence.

## II.

Loston also argues, relying on 18 U.S.C. § 3553(a), that the district court's sentence was substantively unreasonable and that he should have been granted a downward variance. His arguments were preserved below, so our review is for abuse of discretion. *See United States v. Scott,* 654 F.3d 552, 555 (5th Cir. 2011). We apply a presumption of reasonableness to within-Guidelines sentences. *See Rita v. United States*, 551 U.S. 338, 347 (2007); *United States v. Sanchez*, 667 F.3d 555, 568 (5th Cir. 2012).

Loston fails to rebut the presumption of reasonableness.[*] His argument that a different Guideline range was appropriate—or that the district court should have ignored the Guidelines altogether—merely reflects his disagreement with the propriety of the sentence imposed. *See United States v. Ruiz*, 621 F.3d 390, 398 (5th Cir. 2010). He does not identify any specific 18 U.S.C. § 3553(a) sentencing factor the court failed to consider or improperly weighed. *See United States v. Jenkins*, 712 F.3d 209, 214 (5th Cir. 2013).

AFFIRMED.

---

[*] As the Government points out, circuit precedent eliminates our jurisdiction to review a district court's refusal to grant a downward departure unless the district court mistakenly believed it lacked authority to provide one. *See, e.g.*, *United States v. Fillmore*, 889 F.3d 249, 255 (5th Cir. 2018). Therefore, we consider only whether the district court's refusal to vary was substantively unreasonable. *Cf. Irizarry v. United States*, 553 U.S. 708, 713–15 (2008) (distinguishing departures and variances).