# United States Court of Appeals for the Fifth Circuit

———————

No. 22-50323
Summary Calendar

———————

United States Court of Appeals
Fifth Circuit

**FILED**
January 17, 2023

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

LUIS ALBERTO LOPEZ-CONTRERAS,

*Defendant—Appellant*.

———————————————————————

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:21-CR-1533-1

———————————————————————

Before JOLLY, OLDHAM, and WILSON, *Circuit Judges*.

PER CURIAM:[*]

Luis Alberto Lopez-Contreras appeals the 50-month within-guidelines sentence imposed by the district court following his guilty plea conviction for illegal reentry into the United States. According to Lopez-Contreras, the sentence imposed by the district court was greater than necessary to achieve the sentencing goals enumerated in 18 U.S.C. § 3553(a)

———————————————

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

and, therefore, was substantively unreasonable. He asserts that a sentence at the bottom of the guidelines range, or 46 months, would still have been the longest sentence that he has served by at least 10 months.

By requesting a lesser term at the sentencing hearing, Lopez-Contreras preserved his substantive reasonableness challenge. *See Holguin-Hernandez v. United States*, 140 S. Ct. 762, 767 (2020). Sentences are reviewed for reasonableness under an abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 51 (2007). "A discretionary sentence imposed within a properly calculated guidelines range is presumptively reasonable." *United States v. Campos-Maldonado*, 531 F.3d 337, 338 (5th Cir. 2008).

Lopez-Contreras has not rebutted the presumption that the 50-month within-guidelines sentence imposed by the district court was substantively reasonable. *See United States v. Jenkins*, 712 F.3d 209, 214 (5th Cir. 2013). The district court considered his arguments for a sentence at the bottom of the guidelines range and determined that the 50-month sentence was appropriate based on its consideration of the § 3553(a) factors. Lopez-Contreras has not shown that the sentence does not account for a factor that should have received significant weight, gave significant weight to an irrelevant or improper factor, or represented a clear error in the balancing of the sentencing factors. *See id*. His argument that a 46-month sentence was appropriate amounts to a disagreement with the propriety of the sentence and the district court's balancing of the sentencing factors, which is insufficient to rebut the presumption of reasonableness. *See United States v. Ruiz*, 621 F.3d 390, 398 (5th Cir. 2010).

AFFIRMED.