# United States Court of Appeals
# for the Fifth Circuit

---

No. 22-20601
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**
May 3, 2023

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Diego Perez-Escobar,

*Defendant—Appellant*.

---

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:22-CR-303-1

---

Before King, Higginson, and Willett, *Circuit Judges*.

Per Curiam:[*]

Diego Perez-Escobar pleaded guilty to illegal reentry into the United States, in violation of 8 U.S.C. § 1326(a) and (b)(1), and was sentenced to a within-guidelines term of 51 months' imprisonment. He now appeals the substantive reasonableness of that sentence.

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 22-20601

We review the substantive reasonableness of a sentence under a deferential abuse-of-discretion standard.[1] *Gall v. United States*, 552 U.S. 38, 51 (2007). "If the sentencing judge exercises her discretion to impose a sentence within a properly calculated Guideline range, in our reasonableness review we will infer that the judge has considered all the factors for a fair sentence set forth in the Guidelines." *United States v. Mares*, 402 F.3d 511, 519 (5th Cir. 2005). "A discretionary sentence imposed within a properly calculated guidelines range is presumptively reasonable." *United States v. Campos-Maldonado*, 531 F.3d 337, 338 (5th Cir. 2008) (citations omitted).

Perez-Escobar has not rebutted the presumption that his 51-month within-guidelines sentence was substantively reasonable. *See United States v. Jenkins*, 712 F.3d 209, 214 (5th Cir. 2013). The district court considered his arguments for a downward departure and determined that a within-guidelines sentence was appropriate. Perez-Escobar has not shown that the sentence fails to "account for a factor that should [have] receive[d] significant weight," gives "significant weight to an irrelevant or improper factor," or "represents a clear error of judgment in balancing [the] sentencing factors." *Id.* While Perez-Escobar's sentence is significantly longer than his previous illegal-reentry sentence, this is because the prior illegal-reentry conviction and an intervening drug-offense conviction greatly increased his total offense level and his criminal history category. His arguments amount to a disagreement with the propriety of the sentence and the district court's balancing of the sentencing factors. This is insufficient to rebut the presumption of reasonableness. *See United States v. Ruiz*, 621 F.3d 390, 398 (5th Cir. 2010).

AFFIRMED.

---

[1] Perez-Escobar preserved his challenge to the substantive reasonableness of his sentence by moving for a downward departure. *See Holguin-Hernandez v. United States*, 140 S. Ct. 762, 766-67 (2020).