# United States Court of Appeals
# for the Fifth Circuit

---

No. 22-40801
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**
August 21, 2023

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

MARK ANTHONY CALZADIAS,

*Defendant—Appellant*.

---

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:18-CR-204-2

---

Before BARKSDALE, GRAVES, and OLDHAM, *Circuit Judges*.

PER CURIAM:[*]

Mark Anthony Calzadias pleaded guilty to conspiracy to possess with the intent to distribute five kilograms or more of cocaine and conspiracy to commit money laundering. *See* 21 U.S.C. §§ 846, 841(b)(1)(A); 18 U.S.C. § 1956(h), (a)(2)(A), (a)(2)(b)(i). On four bases he challenges his within-Guidelines prison sentence of 420 months.

---

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 22-40801

Although post-*Booker*, the Sentencing Guidelines are advisory only, the district court must avoid significant procedural error, such as improperly calculating the Guidelines sentencing range. *Gall v. United States*, 552 U.S. 38, 46, 51 (2007). If no such procedural error exists, a properly preserved objection to an ultimate sentence is reviewed for substantive reasonableness under an abuse-of-discretion standard. *Id.* at 51; *United States v. Delgado-Martinez*, 564 F.3d 750, 751–53 (5th Cir. 2009). In that respect, for issues preserved in district court, its application of the Guidelines is reviewed *de novo*; its factual findings, only for clear error. *E.g.*, *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008).

Calzadias first contends the district court procedurally erred on three bases: failing to give him credit at sentencing for his acceptance of responsibility because he challenged the presentence investigation report's (PSR) drug-quantity determination and application of the U.S.S.G. § 3B1.1(a) enhancement; double counting the aggravating-role enhancement; and failing to adequately explain his sentence.

Because Calzadias did not raise these issues in district court, review is only for plain error. *E.g.*, *United States v. Broussard*, 669 F.3d 537, 546 (5th Cir. 2012). Under that standard, he must show a forfeited plain error (clear-or-obvious error, rather than one subject to reasonable dispute) that affected his substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). If he makes that showing, our court has the discretion to correct the reversible plain error, but generally should do so only if it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings". *Id.* (citation omitted).

First, the court expressly disagreed with the Government's contention at sentencing to take away the reduction for acceptance of responsibility because of Calzadias' challenging the drug quantity and the

2

Guideline § 3B1.1(a) enhancement. The court adopted the PSR, which included the three-level reduction for acceptance of responsibility under Guideline § 3E1.1(a) and (b). In short, there was no plain error on that basis.

Second, the record does not reflect any impermissible double counting. And, Calzadias does not adequately explain where this alleged double counting occurred, nor does he cite any authority supporting this would require vacatur. *See United States v. Jimenez-Elvirez*, 862 F.3d 527, 541 (5th Cir. 2017) ("It is well established that the Guidelines do not prohibit double counting except when the particular Guideline at issue expressly does so." (citation omitted)). He again fails to show the requisite clear-or-obvious error.

Third, in arriving at the sentence, the court stated that it had considered the 18 U.S.C. § 3553(a) sentencing factors and the Sentencing Guidelines, and after "considering the testimony from the agent and the [PSR]", it declined to vary below the guidelines range because of Calzadias' "involvement in the amount of drugs". The court therefore provided a "reasoned basis" for its decision. *See Rita v. United States*, 551 U.S. 338, 356 (2007); *United States v. Mares*, 402 F.3d 511, 519 (5th Cir. 2005) (providing "little explanation is required" when court orders within-Guidelines sentence).

For his final contention Calzadias maintains his sentence is substantively unreasonable. Assuming he preserved this challenge, he has not shown the court considered an improper factor, failed to consider a relevant factor, or committed a clear error of judgment in balancing the § 3553(a) sentencing factors. *See United States v. Jenkins*, 712 F.3d 209, 214 (5th Cir. 2013). Rather, his assertions amount to a mere disagreement with the sentence imposed, which is insufficient to show error. *See United States v. Badgett*, 957 F.3d 536, 541 (5th Cir. 2020). Accordingly, Calzadias has

No. 22-40801

failed to rebut the presumption of reasonableness applicable to his within-Guidelines sentence. *See United States v. Campos-Maldonado*, 531 F.3d 337, 338 (5th Cir. 2008).

AFFIRMED.