# United States Court of Appeals for the Fifth Circuit

————————

No. 24-60172
Summary Calendar

————————

United States Court of Appeals
Fifth Circuit

**FILED**
September 13, 2024

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Eric Jamerson Hines,

*Defendant—Appellant*.

————————————————————

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 3:23-CR-58-1

————————————————————

Before Smith, Stewart, and Duncan, *Circuit Judges*.

Per Curiam:[*]

Eric Jamerson Hines appeals the 46-month sentence imposed by the district court following his guilty plea conviction for possession of a firearm by a convicted felon.  Hines argues that the within-guidelines sentence was substantively unreasonable because he provided ample mitigation for the court to impose a lesser sentence and he was already serving a 24-month

————————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

sentence due to the revocation of his supervised release for the same offense conduct.

Because Hines sought a downward variance from the sentencing guidelines range, he preserved his general challenge to the substantive reasonableness of the sentence. *See Holguin-Hernandez v. United States*, 589 U.S. 169, 174-75 (2020). We review a preserved challenge to the substantive reasonableness of a sentence for an abuse of discretion. *Gall v. United States*, 552 U.S. 38, 51 (2007); *see United States v. Hernandez*, 876 F.3d 161, 166 (5th Cir. 2017). A properly calculated sentence within the guidelines range is presumptively reasonable. *United States v. Jenkins*, 712 F.3d 209, 214 (5th Cir. 2013). This presumption is rebutted only if the appellant demonstrates that the sentence does not account for a factor that should receive significant weight, gives significant weight to an irrelevant or improper factor, or represents a clear error of judgment in balancing the sentencing factors. *Id.*

Here, the record demonstrates that the district court considered Hines's mitigation arguments, the advisory guidelines range, the statutory penalties, and the 18 U.S.C. § 3553(a) factors. Further, although Hines was serving a 24-month revocation sentence for much of the same conduct, we have noted that a sentence imposed on revocation of supervised release punishes a breach of trust for violating the conditions of supervision; it is a distinct sentence from the sentence imposed for the new offense. *United States v. Napper*, 978 F.3d 118, 125 (5th Cir. 2020). In any event, the district court granted Hines's request that the 46-month sentence run concurrently with the previously imposed revocation sentence.

Hines's disagreement with the district court's weighing of the § 3553(a) factors is insufficient to rebut the presumption of reasonableness attached to his within-guidelines sentence. *See Hernandez*, 876 F.3d at 167; *Jenkins*, 712 F.3d at 214. Accordingly, the judgment is AFFIRMED.