# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

June 6, 2025

Lyle W. Cayce
Clerk

No. 24-50317

_____

United States of America,

*Plaintiff—Appellee*,

*versus*

Corey White,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:23-CR-192-1

_____

Before Higginbotham, Jones, and Southwick, *Circuit Judges*.

Per Curiam:[*]

Corey White pled guilty to sexual exploitation of children by possessing or accessing child pornography, in violation of 18 U.S.C. §§ 2252A(a)(5)(B) and 2252A(b)(2). The district court sentenced him within the guidelines range to 96 months of imprisonment. White makes two

_____

[*] Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

arguments on appeal challenging his sentence by the district court. Neither has merit.

First, White argues the district court imposed a substantively unreasonable sentence because it failed to consider his educational and professional achievements as well as information detailed in letters of support from family and friends. White has offered no evidence to rebut the presumption of reasonableness afforded his within-guidelines sentence. *See United States v. Ruiz*, 621 F.3d 390, 398 (5th Cir. 2010). The district court stated during sentencing that it thoroughly reviewed the letters, White's relevant mitigating conduct, and the 18 U.S.C. § 3553(a) sentencing factors. *See United States v. Jenkins*, 712 F.3d 209, 215 (5th Cir. 2013). The district court did not abuse its discretion. *See Gall v. United States*, 552 U.S. 38, 51, 128 S. Ct. 586, 597 (2007).

Second, White challenges the district court's application of the U.S.S.G. § 2G2.2(b)(4)(B) sentencing enhancement, which applies for an offense involving material that portrays the sexual abuse or exploitation of an infant or toddler. He argues that because the commentary to the Guideline defines "sexual abuse or exploitation" to exclude "accessing with intent to view . . . material related to the sexual abuse or exploitation of a minor," the enhancement does not apply to his conduct. U.S.S.G. § 2G2.2, comment. (n.1).

Plain error review applies because White did not object to the enhancement in the district court. *See Puckett v. United States*, 556 U.S. 129, 135, 129 S. Ct. 1423, 1429 (2009). Under plain error review, White must identify an "error or defect" that is "clear or obvious, rather than subject to reasonable dispute." *Id.* He cannot, because the commentary's applicability is not clear or obvious but rather subject to reasonable dispute. Under *Stinson v. United States*, "commentary in the Guidelines Manual that interprets or

explains a guideline is authoritative unless it violates the Constitution or a federal statute, or is inconsistent with, or a plainly erroneous reading of, that guideline." 508 U.S. 36, 36, 113 S. Ct. 1913, 1915 (1993). "If . . . commentary and the guideline it interprets are inconsistent in that following one will result in violating the dictates of the other, the Sentencing Reform Act itself commands compliance with the guideline." *Id.* at 43, 113 S. Ct. at 1918. If commentary and the Guideline are arguably inconsistent, in that it is subject to reasonable dispute whether following one will result in violating the dictates of the other, a district court's application of the Guideline is not plain error. Put another way, unless it is clear or obvious that the commentary is consistent with the Guideline, a district court's application of the Guideline is not plain error notwithstanding an argument that the commentary suggests otherwise.

Here, the commentary is arguably inconsistent with the Guideline. *Compare* U.S.S.G. § 2G2.2(b)(4)(B) *with* U.S.S.G. § 2G2.2, comment. (n.1). And there is no controlling precedent on the issue. *See United States v. Evans*, 587 F.3d 667, 671 (5th Cir. 2009). The district court therefore did not plainly err in applying the Guideline sentencing enhancement, notwithstanding White's argument that the commentary suggests otherwise.

The judgment of the district court is AFFIRMED.